**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| TYPHOON TOUCH TECHNOLOGIES, INC. AND NOVA MOBILITY SYSTEMS, INC. | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Civil Action No. 6:07cv546 |
| MOTION COMPUTING, INC. and DELL INC. | ) ) ) | **Jury Trial Demanded** |
| Defendants. | ) ) ) | |

### DELL INC.'S ANSWER AND COUNTERCLAIMS TO TYPHOON TOUCH TECHNOLOGIES' AND NOVA MOBILITY SYSTEMS' COMPLAINT FOR PATENT INFRINGEMENT

Defendant Dell Inc. ("Dell") files this Original Answer and Counterclaims to the Complaint filed by Plaintiffs Typhoon Touch Technologies, Inc. ("Typhoon") and Nova Mobility Systems, Inc. ("Nova"), collectively ("Plaintiffs"). Dell denies that it is also known as Dell Computer, Inc. Dell denies all allegations made in the Complaint, whether express or implied, that are not specifically admitted below.

### I.  ANSWER

**Jurisdiction and Venue**

1. Dell admits that this is an action for patent infringement arising under Title 35 United States Code §§ 1, *et seq*.

2. Dell admits that this Court has original subject matter jurisdiction in this case.

3. Dell admits that this Court has personal jurisdiction over Dell. Dell denies all other allegations contained in paragraph 3 of Plaintiffs' Original Complaint.

4. Dell admits that venue is proper in this Court. Dell denies all other allegations contain in paragraph 4 of Plaintiffs' Original Complaint.

**The Parties**

5. Dell does not have sufficient information or knowledge to either admit or deny the allegations contained in paragraph 5 of Plaintiffs' Original Complaint.

6. Dell does not have sufficient information or knowledge to either admit or deny the allegations contained in paragraph 6 of Plaintiffs' Original Complaint.

7. Dell does not have sufficient information or knowledge to either admit or deny the allegations contained in paragraph 7 of Plaintiffs' Original Complaint.

8. Defendant admits the allegations contained in paragraph 8 of Plaintiffs' Original Complaint.

**Factual Background**

    **A.    The Patents-in-Suit**

9. Dell admits that, according to the face of the patent, United States Patent No. 5,379,057 (the "'057 patent) is entitled "Portable Computer with Touch Screen and Computer System Employing Same" and was issued on January 3, 1995. Dell admits that what appears to be a copy of the '057 patent is attached as Exhibit A to plaintiffs' Original Complaint.

10. Dell admits that, according to the face of the patent, United States Patent No. 5,675,362 (the "'362 patent) is entitled "Portable Computer with Touch Screen and Computer System Employing Same" and was issued on October 7, 1997. Dell admits that what appears to be a copy of the '362 patent is attached as Exhibit B to plaintiffs' Original Complaint.

11.     Based on the information contained on the face of the '057 and '362 patents, Dell <u>denies</u> the allegations contained in paragraph 11 of Plaintiffs' Original Complaint.

12.     Dell does not have sufficient information or knowledge to either admit or deny the allegations contained in paragraph 12 of Plaintiffs' Original Complaint and, therefore, requires Plaintiffs to prove these allegations.

### B.     Nova Mobility's Portable Computers

13.     Dell does not have sufficient information or knowledge to either admit or deny the allegations contained in paragraph 13 of Plaintiffs' Original Complaint and, therefore, requires Nova to prove these allegations.

14.     Dell does not have sufficient information or knowledge to either admit or deny the allegations contained in paragraph 14 of Plaintiffs' Original Complaint and, therefore, requires Nova to prove these allegations.

### C.     Defendants' Alleged Infringing Activities

15.     Dell <u>denies</u> the allegations contained in paragraph 15 of Plaintiffs' Original Complaint.

16.     Dell <u>denies</u> the allegations contained in paragraph 16 of Plaintiffs' Original Complaint.

17.     Dell <u>denies</u> the allegations contained in paragraph 17 of Plaintiffs' Original Complaint.

18.     Dell <u>denies</u> the allegations contained in paragraph 18 of Plaintiffs' Original Complaint.

19.     Dell <u>denies</u> the allegations contained in paragraph 19 of Plaintiffs' Original Complaint.

20. Dell <u>denies</u> the allegations contained in paragraph 20 of Plaintiffs' Original Complaint.

21. Dell <u>denies</u> the allegations contained in paragraph 15 of Plaintiffs' Original Complaint.

**Jury Demand**

22. Dell admits that Plaintiffs have demanded a jury trial.

**Prayer for Relief**

To the extent a response is necessary, Dell <u>denies</u> that Plaintiffs are entitled to any of the relief they request in paragraphs 1-9 of their Prayer for Relief.

## II.   DEFENSES

1. The claims of the '057 and '362 patents are invalid for failure to meet the requirements of the U.S. patent laws, 35 U.S.C. § 100 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103 and 112.

2. Dell has not infringed, contributed to the infringement of or induced the infringement of any valid and enforceable claim of either the '057 or '362 patents.

3. Plaintiffs' claims against Dell are barred in whole or in part by the doctrine of laches.

4. Plaintiffs' claims for damages, if any, against Dell are statutorily limited by 35 U.S.C. § 286 and/or § 287.

5. Based on the doctrine of prosecution history estoppel, Plaintiffs are estopped from asserting a claim construction that would cause the claims of the '328 patent to be infringed, either literally or under the doctrine of equivalence, by Dell.

6. Dell denies that Plaintiffs are entitled to any of the relief requested in its request for relief against Dell.

7. Dell hereby reserves its right to supplement with additional defenses as discovery proceeds in this matter.

### III. COUNTERCLAIMS

#### Parties

8. Counterclaimant Dell is a corporation organized under the laws of the State of Delaware, with its principal place of business at One Dell Way, Round Rock, Texas 78682.

9. On information and belief, counterclaim Defendant Typhoon claims to be a corporation existing under the laws of Nevada with a place of business located at 711 Carson Street, Suite 4, Carson City, Nevada 89701.

10. On information and belief, counterclaim Defendant Nova claims to be a corporation existing under the laws of Nevada with a place of business located at 325 South 48th Street, Suite 111, Tempe, Arizona 85281.

#### Jurisdiction and Venue

11. The counterclaims include claims for declaratory judgment of patent non-infringement and patent invalidity, and jurisdiction is proper under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, and the patent Laws of the United States, 35 U.S.C. § 100 et seq., concerning actions related to patents, and 28 U.S.C. §§ 1331 and 1338.

12. Venue is proper in this Court under 28 U.S.C. § 1391 (c) and § 1400(b).

### Count One – Declaratory Relief Regarding Non-Infringement

13. Based on the filing by Plaintiffs of this suit and Dell's defenses, an actual controversy has arisen and now exists between the parties as to whether or not Dell has directly and/or indirectly infringed any valid claim of the '057 and '362 patents.

14. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, Dell requests a declaration from the Court that Dell has not infringed any valid claim of either the '057 or '362 patents, either directly, contributorily, or by inducement, or either literally or under the doctrine of equivalents.

### Count Two – Declaratory Relief Regarding Invalidity

15. Based on the filing of this suit by Plaintiffs and Dell's defenses, an actual controversy has arisen and now exists between the parties as to the validity of each of the claims of the '057 and '362 patents.

16. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, Dell requests a declaration from the Court that each of the claims of the '057 and '362 patents are invalid for failure to comply with the provisions of the patent laws, 35 U.S.C. §100 *et seq.*, including but not limited to one or more of 35 U.S.C. §§ 101, 102, 103 and/or 112.

### Count Three – Declaratory Relief Regarding Laches

17. Based on the filing of this suit by Plaintiffs and Dell's affirmative defenses, an actual controversy has arisen and now exists between the parties as to whether laches bars the recovery of damages for the alleged infringement of each of the claims of the '057 and '362 patents.

18. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq., Dell requests a declaration from the Court that each of Plaintiffs' claims against Dell based on the '057 and '362 patents are barred by the doctrine of laches.

## IV. EXCEPTIONAL CASE

19. To the extent this is an exceptional case under 35 U.S.C. § 285, Dell is entitled to recover from Plaintiff Dell's attorneys' fees and costs incurred in connection with this action.

## V. PRAYER

Dell prays *that*:

(a) Plaintiffs' Complaint against Dell be dismissed, with prejudice, and that a take-nothing judgment be entered against Plaintiffs and in favor of Dell;

(b) Judgment be entered in favor of Dell declaring that each of the claims of the '057 and '362 patents is invalid and that Dell has not directly or indirectly infringed any claim of such patents either literally or under the doctrine of equivalents;

(c) Judgment be entered in favor of Dell declaring that Plaintiffs' claims against Dell based on the '057 and '362 patents are barred by the doctrine of laches;

(d) Judgment be entered in favor of Dell and against Plaintiffs that this is an exceptional case and awarding Dell its attorneys' fees and costs under 35 U.S.C. § 285; and

(e) Dell be awarded any such other and further relief as is just and proper.

Date: January 31, 2008                    Respectfully Submitted:

  /s/ *Roderick B. Williams*_____
Roderick B. Williams (TX Bar No. 21573700)
Kenneth H. Prol (TX Bar No. 24027757)
Michael A. Valek (TX Bar No. 24044028)
VINSON & ELKINS L.L.P.
THE TERRACE 7
2801 Via Fortuna, Suite 100
Austin, Texas 78746-7568
TEL:  (512) 542-8400
FAX: (512) 542-3253

***ATTORNEYS FOR DELL INC.***

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 31st day of January, 2008, the foregoing document was electronically filed with the Clerk of Court using CM/ECF system, and served on counsel for all parties as follows:

| | |
|---|---|
| Trey Yarbrough<br>YARBROUGH LAW FIRM<br>100 E. Ferguson, Suite 1015<br>Tyler, TX 75702 | ❑ Via Hand Delivery<br>❑ Via Federal Express<br>❑ Via First Class Mail<br>❑ Via Fax (903) 595-0191<br>❑ Via email trey@yarbroughlawfirm.com<br>■ CM/ECF system |
| H. Keeto Sabharwal<br>Nirav N. Desai<br>BLANK ROME LLP<br>600 New Hampshire Ave., N.W.<br>Washington, DC 20037 | ❑ Via Hand Delivery<br>❑ Via Federal Express<br>❑ Via First Class Mail<br>❑ Via Fax (202) 772-5858<br>❑ Via email Sabharwal@blankrome.com ;<br>Desai@blankrome.com<br>■ CM/ECF system |
| M. Craig Tyler<br>WILSON SONSINI GOODRICH & ROSATI<br>8911 Capital of Texas Highway North<br>Westech 360; Suite 3350<br>Austin, TX 78759 | ❑ Via Hand Delivery<br>❑ Via Federal Express<br>❑ Via First Class Mail<br>❑ Via Fax (512) 338-5499<br>❑ Via email ctyler@wsgr.com<br>■ CM/ECF system |

/s/ *Dawn Crider*

926105v1