# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| TYPHOON TOUCH TECHNOLOGIES, INC. and NOVA MOBILITY SYSTEMS, INC., | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Civil Action No. 6:07cv546 |
| MOTION COMPUTING, INC. and DELL, INC., | ) ) ) ) |
| Defendants. | ) ) Jury Trial Demanded ) |

## DEFENDANT MOTION COMPUTING, INC.'S ANSWER TO PLAINTIFFS' ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Defendant Motion Computing, Inc. ("Motion Computing"), for its answer to the Original Complaint for Patent Infringement of Plaintiffs, Typhoon Touch Technologies, Inc. ("Typhoon") and Nova Mobility Systems, Inc. ("Nova") avers as follows:

### JURISDICTION AND VENUE

1.  Motion Computing admits that Plaintiffs' Original Complaint for Patent Infringement purports to state a cause of action arising under the patent laws of the United States; that such a cause of action confers subject matter jurisdiction upon the Court.

2.  Motion Computing admits that Plaintiffs' Original Complaint for Patent Infringement purports to state a cause of action arising under the patent laws of the United States; that such a cause of action confers subject matter jurisdiction upon the Court.

3.  To the extent such allegations are directed at Motion Computing, Motion Computing denies the allegations contained in paragraph 3 of the Complaint. Motion Computing is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 3.

4. To the extent such allegations are directed at Motion Computing, Motion Computing denies the allegations contained in paragraph 4 of the Complaint. Motion Computing is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 4.

**PARTIES**

5. Motion Computing is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5.

6. Motion Computing is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6.

7. Motion Computing admits the allegations contained in paragraph 7.

8. Motion Computing is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8.

9. Motion Computing admits that Exhibit A is a copy of U.S. Patent No. 5,379,057 entitled "Portable Computer with Touch Screen and Computer System Employing Same" ("the '057 patent"); that the '057 patent recites on its face an issue date of January 3, 1995; and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 9.

10. Motion Computing admits that Exhibit B is a copy of U.S. Patent No. 5,675,362 entitled "Portable Computer with Touch Screen and Computer System Employing Same" ("the '362 patent"); that the '362 patent recites on its face an issue date of October 7, 1997; and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 10.

11. Motion Computing is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11.

12. Motion Computing is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12.

13. Motion Computing is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13.

14. Motion Computing is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14.

15. To the extent such allegations are directed at Motion Computing, Motion Computing denies the allegations contained in paragraph 15 of the Complaint. Motion Computing is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 15.

16. To the extent such allegations are directed at Motion Computing, Motion Computing denies the allegations contained in paragraph 16 of the Complaint. Motion Computing is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 16.

17. To the extent such allegations are directed at Motion Computing, Motion Computing denies the allegations contained in paragraph 17 of the Complaint. Motion Computing is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 17.

18. To the extent such allegations are directed at Motion Computing, Motion Computing denies the allegations contained in paragraph 18 of the Complaint. Motion

Computing is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 18.

19. To the extent such allegations are directed at Motion Computing, Motion Computing denies the allegations contained in paragraph 19 of the Complaint. Motion Computing is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 19.

20. To the extent such allegations are directed at Motion Computing, Motion Computing denies the allegations contained in paragraph 20 of the Complaint. Motion Computing is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 20.

21. To the extent such allegations are directed at Motion Computing, Motion Computing denies the allegations contained in paragraph 21 of the Complaint. Motion Computing is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 21.

## JURY DEMAND

22. Motion Computing acknowledges that Typhoon and Nova have requested a Jury Trial in paragraph 22 of the Complaint.

## PRAYER FOR RELIEF

23. Motion Computing denies that Typhoon and Nova are entitled to any of the relief they have requested in paragraphs 1-9 of the Prayer for Relief in the Complaint.

## DEFENSES

24. Claims for damages are limited by 35 U.S.C. § 286 and/or § 287.

# PRAYER FOR RELIEF

WHEREFORE, Motion Computing, Defendant, prays for a judgment that:

a. Dismisses the Plaintiffs' Original Complaint for Patent Infringement with prejudice;

b. Awards Motion Computing its costs and attorneys' fees pursuant to 35 U.S.C. § 285, and any interest at the maximum rate allowed by law; and

c. Awards Motion Computing such other and further relief as the Court may deem proper.

# DEMAND FOR JURY TRIAL

. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendant demands a trial by jury of this action

.

Dated: February 15, 2008　　　　　　　　　　Respectfully submitted,


By:   /s/ M. Craig Tyler  
M. Craig Tyler (Lead Attorney)
ctyler@wsgr.com
State Bar No. 00794762
Brian D. Range
brange@wsgr.com
State Bar No. 24033106
Luiz von Paumgartten
lvonpaumgartten@wsgr.com
State Bar No. 24056478
8911 Capital of Texas Highway North
Westech 360, Suite 3350
Austin, Texas 78759-7247
Voice:　　　512-338-5400
Facsimile:　512-338-5499

ATTORNEYS FOR DEFENDANT
MOTION COMPUTING, INC.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), on this 15th day of February, 2008.

/s/ M. Craig Tyler