# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| TYPHOON TOUCH TECHNOLOGIES, INC. and NOVA MOBILITY SYSTEMS, INC., | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 6:07cv546 (LED) |
| MOTION COMPUTING, INC. and DELL, INC., | § § § § | |
| Defendants. | § | Jury Trial Demanded |

## PLAINTIFFS' REPLY TO DEFENDANT DELL, INC.'S COUNTERCLAIMS

Plaintiffs and Counterclaim Defendants, Typhoon Touch Technologies, Inc. and Nova Mobility Systems, Inc., (collectively "Typhoon"), hereby reply to the Counterclaims of Dell, Inc., also known as Dell Computer, Inc. ("Dell") and in support thereof, state and allege as follows:

### COUNTERCLAIMS

#### Parties

1. On information and belief, Typhoon lacks sufficient information to admit or deny the allegations of paragraph 8 of the Counterclaims and, therefore, denies the same.

2. Typhoon admits the allegations of paragraph 9 of the Counterclaims.

3. Typhoon admits the allegations of paragraph 10 of the Counterclaims.

## Jurisdiction and Venue

4. Typhoon admits that the Counterclaims purport to be an action for a declaration of non-infringement and patent invalidity arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and under the United States patent laws, 35 U.S.C. §§ 100, *et seq.* and that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338. Typhoon denies any allegation that United States Patent No. 5,379,057 ("the '057 patent") and United States Patent No. 5,675,362 ("the 362 patent") patents are invalid and not infringed.

5. Typhoon admits the allegations of paragraph 12 of the Counterclaims.

## COUNT I

### Declaratory Relief Regarding Non-Infringement

6. Typhoon admits that a controversy exists as to whether Dell has directly and/or indirectly infringed any valid claim of the '057 and '362 patents, either literally or under the doctrine of equivalents. Typhoon denies any allegation that Dell has not infringed, either directly or indirectly, any valid claim of either the '057 and/or '362 patent, either literally or under the doctrine of equivalents.

7. Typhoon denies the allegations of paragraph 14 of the Counterclaims.

## COUNT II

### Declaratory Relief Regarding Invalidity

8. Typhoon admits that a controversy exists based in part upon Dell's allegations that any claim of the '057 and '362 patent is invalid for failure to comply with any provision of 35 U.S.C. §§101, 102, 103 and/or 112. Typhoon denies any allegation that any claim of either the '057 or '362 patent is invalid.

9. Typhoon denies the allegations of paragraph 16 of the Counterclaims.

## COUNT III

### Declaratory Relief Regarding Laches

10. Typhoon denies the allegations of paragraph 17 of the Counterclaims.

11. Typhoon denies the allegations of paragraph 18 of the Counterclaims

## EXCEPTIONAL CASE

12. Typhoon denies the allegations of paragraph 19 of the Counterclaims.

## PRAYER

WHEREFORE, Typhoon requests that the Court enter a judgment in favor of Typhoon as recited in its Prayer; dismiss each of Defendant's Counterclaims with prejudice; and deny each of Defendant's prayers for relief recited in subsections (a) through (e) in their entirety so that Defendant obtains no relief and takes nothing for its Counterclaims.

Dated: February 20, 2008          Respectfully submitted,

*/s/ Trey Yarbrough*
Trey Yarbrough
Bar No. 22133500
YARBROUGH ♦ WILCOX, PLLC
100 E. Ferguson, Suite 1015
Tyler, Texas 75702
Phone: (903) 595-3111
Fax: (903) 595-0191
trey@yw-lawfirm.com

**ATTORNEY FOR PLAINTIFFS
TYPHOON TOUCH TECHNOLOGIES, INC.
and NOVA MOBILITY SYSTEMS, INC.**

OF-COUNSEL FOR PLAINTIFFS
TYPHOON TOUCH TECHNOLOGIES, INC. and NOVA MOBILITY SYSTEMS, INC.:

H. Keeto Sabharwal
N.Y. Bar No. 2910453
Sabharwal@blankrome.com

Nirav N. Desai
Virginia Bar No. 72887
Desai@blankrome.com

BLANK ROME LLP
600 New Hampshire Ave., N.W.
Washington, DC  20037
Phone:  (202) 772-5932
Fax:  (202) 772-5858

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 20th day of February, 2008.  Any other counsel of record will be served by facsimile transmission.

/s/ Trey Yarbrough
Trey Yarbrough