# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| TYPHOON TOUCH TECHNOLOGIES, INC. and NOVA MOBILITY SYSTEMS, INC., | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 6:07cv546 |
| DELL, INC., XPLORE TECHNOLOGIES CORPORATION OF AMERICA, ELECTROVAYA INC., and SAND DUNE VENTURES, INC. | § § § § § | |
| Defendants. | § | Jury Trial Demanded |

## PLAINTIFFS' FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs, Typhoon Touch Technologies, Inc. ("Typhoon") and Nova Mobility Systems, Inc., ("Nova Mobility") file this First Amended Complaint against Defendants, Dell, Inc., also known as Dell Computer, Inc., Xplore Technologies Corporation of America ("Xplore"), Electrovaya Inc, ("Electrovaya"), and Sand Dune Ventures, Inc., also known as TabletKiosk ("TabletKiosk") and, in support thereof, further state and allege as follows:

### JURISDICTION AND VENUE

1. This is a civil action for infringement under the laws of the United States, Title 35 United States Code §§ 1, *et seq*.

2. This Court has original subject matter jurisdiction under 28 U.S.C. §§ 1331 (federal question), and 1338(a) (patent-exclusive jurisdiction).

3. This Court has personal jurisdiction over Defendants based upon Defendants' systematic and continuous contacts with the Eastern District of Texas. Defendants have

conducted and do conduct business within the State of Texas. Moreover, Defendants have infringed Plaintiffs' patents in the Eastern District of Texas by making, using, selling and/or offering to sell products which infringe Plaintiffs' patents in the Eastern District of Texas. Particularly, Defendants have purposefully and voluntarily placed one or more infringing products into the stream of commerce with the knowledge and/or expectation that such products would be sold in the Eastern District of Texas. Defendants market and/or sell infringing products both by telephone and over the Internet through the Defendants' websites and market and/or sell infringing products through nationwide marketing efforts directed to citizens and inhabitants of the Eastern District of Texas. Further, by knowingly inducing others to infringe Plaintiffs' patents and contributing to infringement in the Eastern District of Texas based upon the foregoing activities, Defendants are subject to specific jurisdiction in the Eastern District of Texas.

4. Venue is proper under 28 U.S.C. §§ 1391(b) and (c) and 1400(b), as Defendants are subject to personal jurisdiction in this district. Further, Defendants have committed acts of infringement in this district, including inducing infringement and contributing to infringement in this district.

## **THE PARTIES**

5. Plaintiff Typhoon Touch Technologies, Inc. is a Nevada corporation, having a place of business located at 711 South Carson Street, Suite 4, Carson City, Nevada 89701.

6. Plaintiff Nova Mobility Systems, Inc. is a Nevada corporation, having a place of business located at 325 South 48th Street, Suite 111, Tempe, Arizona 85281.

7. Upon information and belief, Defendant Dell, Inc. is a Delaware corporation with its principal place of business at One Dell Way, Round Rock, Texas 78682.

128480.00601/35842082v.1

8. Upon information and belief, Defendant Xplore Technologies Corporation of America, is a Delaware corporation with its principal place of business at 14000 Summit Drive Suite 900, Austin, Texas 78728.

9. Upon information and belief, Defendant Electrovaya Inc. is a Canadian corporation with a principal place of business within the United States at 12B Commerce Dr., Suites #1, #2, and #9, Ballston Spa, Saratoga, New York 12020.

10. Upon information and belief, Defendant Sand Dune Ventures, Inc., a.k.a. TabletKiosk, is a Florida corporation with its principal place of business at 386 Beech Ave #B-6, Torrance, California 90501.

## FACTUAL BACKGROUND

### A. The Patents-in-Suit

11. On January 3, 1995, U.S. Patent No. 5,379,057 ("the '057 patent") entitled "Portable Computer with Touch Screen and Computer System Employing Same" was duly and legally issued. A copy of the '057 patent is attached hereto as Exhibit A.

12. On October 7, 1997, U.S. Patent No. 5,675,362 ("the '362 patent") entitled "Portable Computer with Touch Screen and Computing System Employing Same" was duly and legally issued. A copy of the '362 patent is attached hereto as Exhibit B.

13. Typhoon is the owner by assignment of the '057 and '362 patents (collectively, the "patents-in-suit").

14. Nova Mobility is the exclusive licensee of all rights to make, use, and sell the patents-in-suit.

### B. Nova Mobility's Portable Computers

15. Nova Mobility is a provider of tablet personal computers (PCs) and handheld computer systems to a variety of industries worldwide. Among the products offered for sale by

128480.00601/35842082v.1

Nova Mobility are the NMS-5000, NMS-4000, NMS Sunpad-10, and NMS Sunpad-8 tablet PCs. The tablet PCs provide data collection technology for health and medical, retail, field service, fleet management and building inspection industries, among others.

16. Nova Mobility derives most of its revenue from the sale of its tablet PCs and handheld computer systems.

**C.     Defendants' Infringing Activities**

17. Upon information and belief, Defendant Dell manufactures, sells, offers for sale, and/or imports a variety of portable computer products, including but not limited to, the Latitude XT Laptop, and/or other products covered by the patents-in-suit.

18. Upon information and belief, Defendant Xplore manufactures, sells, offers for sale, and/or imports a variety of portable computer products, including but not limited to, the iX104C3PLUS Series Tablet PC, the iX104C3 Series Tablet PC, the iX104C2 Series Tablet PC, and/or other products covered by the patents-in-suit.

19. Upon information and belief, Defendant Electrovaya manufactures, sells, offers for sale, and/or imports a variety of portable computer products, including but not limited to, the Scribbler SC 4000, and/or other products covered by the patents-in-suit.

20. Upon information and belief, Defendant TabletKiosk manufactures, sells, offers for sale, and/or imports a variety of portable computer products, including but not limited to, the GETAC 840XT Tablet PC, the PC i412T Touch-iT Tablet PC, the PC i440 Touch-iT Tablet PC, and the Sahara TufTab i310XT Tablet PC, and/or other products covered by the patents-in-suit.

21. Upon information and belief, Defendants have infringed and continue to infringe, the patents-in-suit, by, *inter alia*, making, using, offering for sale, selling, importing, distributing, marketing, and/or advertising these products in the Eastern District of Texas and elsewhere in the

128480.00601/35842082v.1

United States, and are contributing to and inducing others to make, use, offer for sale, sell, import, distribute, market and/or advertise products covered by the patents-in-suit.

22. Defendants have infringed and continue to infringe, directly or indirectly, the patents-in-suit, by, *inter alia*, themselves practicing, or by inducing others or contributing to others practicing, the claims recited in the patents-in-suit.

23. As a direct and proximate result of Defendants' acts of infringement of the patents-in-suit, Plaintiffs have suffered injury and damages for which they are entitled to relief, including, but not limited to, monetary recovery of lost profits on Defendants' infringing sales and, in any event, no less than a reasonable royalty to compensate for Defendants' infringement.

24. Upon information and belief, Defendants have knowingly, willfully, and deliberately infringed the patents-in-suit in conscious disregard of Plaintiffs' rights, making this case exceptional within the meaning of 35 U.S.C. § 285 and justifying treble damages pursuant to 35 U.S.C. § 284.

25. Upon information and belief, Defendants will continue to infringe the patents-in-suit, causing immediate and irreparable harm unless this Court enjoins and restrains their activities.

26. Upon information and belief, the infringement by Defendants has, and will, deprive Plaintiffs of sales, profits, royalties, and other related revenue which Plaintiffs would have made or would enjoy in the future; has injured Plaintiffs in other respects; and will cause Plaintiffs added injury and damage, including loss of royalties and other related revenue in the future unless Defendants are enjoined from infringing the patents-in-suit or are ordered to take a compulsory license on all products they will make, use, offer for sale, sell, import, distribute, market, or advertise until the expiration of the patents-in-suit.

128480.00601/35842082v.1

## JURY DEMAND

27. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand that the issues in this case be tried by a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Typhoon and Nova Mobility respectfully request this Court to:

1. Enter judgment for Plaintiffs that the patents-in-suit were duly and legally issued, are valid, enforceable, and have been infringed, directly or indirectly, by Defendants;

2. Enter judgment for Plaintiffs that Defendants have willfully infringed, and are willfully infringing, one or more claims of the patents-in-suit;

3. Order Defendants to account in written form for and to pay to Plaintiffs actual damages suffered by reason of Defendants' infringement of the patents-in-suit through and including the date of entry of the judgment on the jury's verdict, including but not limited to, damages in the form of lost profits and, in any event, monetary damages of no less than a reasonable royalty; and further order that such damages be trebled due to Defendants' deliberate, willful, and knowing conduct;

4. Issue a permanent injunction restraining the Defendants, their directors, officers, agents, employees, successors, subsidiaries, assigns, affiliates and all persons acting in privity or in concert or participation with any of them from the continued infringement, direct or contributory, or active inducement of infringement by others, of the patents-in-suit;

5. Direct Defendants to file with this Court, and to serve on Plaintiffs, a written report under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

6. In lieu of a permanent injunction, order the Defendants to pay to Plaintiffs monetary damages that will be suffered as a result of Defendants' continuing post-verdict

infringement of the patents-in-suit by requiring the Defendants to take a compulsory license at a reasonable royalty rate to be determined by the Court on all products that they make, use, offer for sale, sell, import, distribute, market, or advertise that infringe the patents-in-suit until the expiration of the patents-in-suit, which royalty payments shall commence three months after entry of the judgment and shall be made quarterly thereafter, and shall be accompanied by an accounting of the sales of infringing products by the Defendants;

7. Order such other measures in the form of audit rights, interest on late payments, and appropriate security to protect Plaintiffs' rights with respect to the compulsory license;

8. Order Defendants to pay Plaintiffs their costs, expenses, and fees, including reasonable attorneys' fees pursuant to 35 U.S.C. § 285, and pre-judgment and post-judgment interest at the maximum rate allowed by law; and

9. Grant Plaintiffs such other and further relief as the Court may deem just and proper.

Dated: March 10, 2008                    Respectfully submitted,

/s/ Trey Yarbrough
Trey Yarbrough
Bar No. 22133500
YARBROUGH ♦ WILCOX, PLLC
100 E. Ferguson St., Ste. 1015
Tyler, TX 75702
(903) 595-3111
Fax: (903) 595-0191
trey@yw-lawfirm.com

**ATTORNEY FOR PLAINTIFFS TYPHOON TOUCH TECHNOLOGIES, INC. and NOVA MOBILITY SYSTEMS, INC.**

**OF-COUNSEL FOR PLAINTIFFS**
**TYPHOON TOUCH TECHNOLOGIES, INC. and NOVA MOBILITY SYSTEMS, INC.:**

H. Keeto Sabharwal
N.Y. Bar No. 2910453
Sabharwal@blankrome.com

Nirav N. Desai
Virginia Bar No. 72887
Desai@blankrome.com

BLANK ROME LLP
600 New Hampshire Ave., N.W.
Washington, DC 20037
Phone: (202) 772-5932
Fax: (202) 772-5858

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 10th day of March, 2008. All other counsel not deemed to have consented to service in such manner will be served via facsimile transmission and/or first class mail.

                        /s/ Trey Yarbrough
                        Trey Yarbrough