## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| TYPHOON TOUCH TECHNOLOGIES, INC. and NOVA MOBILITY SYSTEMS, INC. | §§ §§ §§ | |
| Plaintiffs, | §§ §§ | |
| v. | §§ §§ | CIVIL ACTION NO. 6:07-CV-546-LED |
| DELL, INC., XPLORE TECHNOLOGIES CORPORATION OF AMERICA, ELECTROVAYA INC., and SAND DUNE VENTURES, INC. | §§ §§ §§ §§ §§ | JURY TRIAL DEMANDED |
| Defendants. | §§ | |

### DEFENDANT XPLORE TECHNOLOGIES CORPORATION OF AMERICA'S ORIGINAL ANSWER AND COUNTERCLAIMS

Defendant Xplore Technologies Corporation of America ("Xplore") files this Original Answer to Plaintiffs' First Amended Complaint for Patent Infringement (the "Amended Complaint") filed by Typhoon Touch Technologies, Inc. ("Typhoon) and Nova Mobility Systems, Inc. ("Nova"), collectively ("Plaintiffs"). Xplore denies all allegations made in the Amended Complaint, whether express or implied, that are not specifically admitted below.

### I.   ANSWER

### JURISDICTION AND VENUE

1.   Paragraph 1 of the Amended Complaint contains conclusions of law to which no responsive pleading is required, but insofar as an answer may be required, Xplore admits that based only on the allegations in the Amended Complaint, this action likely arises under the patent laws of the United States, 35 U.S.C. § 1, *et seq*.

2.   Paragraph 2 of the Amended Complaint contains conclusions of law to which no responsive pleading is required, but insofar as an answer may be required, Xplore admits that the

**DEFENDANT XPLORE TECHNOLOGIES CORPORATION OF AMERICA'S ORIGINAL ANSWER AND COUNTERCLAIMS – Page 1**

Court has original jurisdiction over civil actions arising under the patent laws of the United States.

3. To the extent the allegations in paragraph 3 of the Amended Complaint relate to Xplore, Xplore admits only that this Court has personal jurisdiction over Xplore. To the extent the allegations in paragraph 3 of the Amended Complaint relate to the other Defendants in this case, Xplore is without sufficient knowledge and lacks information from which to form a belief as to the truth of the allegations in paragraph 3 of the Amended Complaint, and on that basis denies each and every allegation set forth in said paragraph. Xplore denies all remaining allegations set forth in paragraph 3 of the Amended Complaint.

4. To the extent the allegations in paragraph 4 of the Amended Complaint relate to Xplore, Xplore admits only that venue is proper in this Court. To the extent the allegations in paragraph 4 of the Amended Complaint relate to the other Defendants in this case, Xplore is without sufficient knowledge and lacks information from which to form a belief as to the truth of the allegations in paragraph 4 of the Amended Complaint, and on that basis denies each and every allegation set forth in said paragraph. Xplore denies all remaining allegations set forth in paragraph 4 of the Amended Complaint.

## THE PARTIES

5. Xplore is without sufficient knowledge and lacks information from which to form a belief as to the truth of the allegations in paragraph 5 of the Amended Complaint, and on that basis denies each and every allegation set forth in said paragraph.

6. Xplore is without sufficient knowledge and lacks information from which to form a belief as to the truth of the allegations in paragraph 6 of the Amended Complaint, and on that basis denies each and every allegation set forth in said paragraph.

7. Xplore is without sufficient knowledge and lacks information from which to form a belief as to the truth of the allegations in paragraph 7 of the Amended Complaint, and on that basis denies each and every allegation set forth in said paragraph.

8. Xplore admits the allegations contained in paragraph 8 of the Amended Complaint.

9. Xplore is without sufficient knowledge and lacks information from which to form a belief as to the truth of the allegations in paragraph 9 of the Amended Complaint, and on that basis denies each and every allegation set forth in said paragraph.

10. Xplore is without sufficient knowledge and lacks information from which to form a belief as to the truth of the allegations in paragraph 10 of the Amended Complaint, and on that basis denies each and every allegation set forth in said paragraph.

## FACTUAL BACKGROUND

**A. The Patents-in-Suit**

11. Xplore admits that, according to the face of the patent, United States Patent No. 5,379,057 (the "'057 patent") is entitled "Portable Computer with Touch Screen and Computer System Employing Same" and reflects an issue date of January 3, 1995. Xplore admits that what appears to be a copy of the '057 Patent is attached as Exhibit A to the Amended Complaint. Xplore denies all other allegations contained in paragraph 11 of the Amended Complaint.

12. Xplore admits that, according to the face of the patent, United States Patent No. 5,675,362 (the "'362 patent") is entitled "Portable Computer with Touch Screen and Computer System Employing Same" and reflects an issue date of October 7, 1997. Xplore admits that what appears to be a copy of the '362 Patent is attached as Exhibit B to the Amended Complaint. Xplore denies all other allegations contained in paragraph 12 of the Amended Complaint.

13. Xplore is without sufficient knowledge and lacks information from which to form

a belief as to the truth of the allegations in paragraph 13 of the Amended Complaint, and on that basis denies each and every allegation set forth in said paragraph.

14. Xplore is without sufficient knowledge and lacks information from which to form a belief as to the truth of the allegations in paragraph 14 of the Amended Complaint, and on that basis denies each and every allegation set forth in said paragraph.

**B.     Nova Mobility's Portable Computers**

15. Xplore is without sufficient knowledge and lacks information from which to form a belief as to the truth of the allegations in paragraph 15 of the Amended Complaint, and on that basis denies each and every allegation set forth in said paragraph.

16. Xplore is without sufficient knowledge and lacks information from which to form a belief as to the truth of the allegations in paragraph 16 of the Amended Complaint, and on that basis denies each and every allegation set forth in said paragraph.

**C.     Defendants' Allegedly Infringing Activities**

17. Xplore is without sufficient knowledge and lacks information from which to form a belief as to the truth of the allegations in paragraph 17 of the Amended Complaint, and on that basis denies each and every allegation set forth in said paragraph.

18. Xplore admits it sells and offers for sale the iX104C3PLUS Series Tablet PC, the iX104C3 Series Tablet PC, and the iX104C2 Series Tablet PC but denies that these products or any of its products are covered by the patents-in-suit. Xplore denies each and every remaining allegation of paragraph 18 of the Amended Complaint.

19. Xplore is without sufficient knowledge and lacks information from which to form a belief as to the truth of the allegations in paragraph 19 of the Amended Complaint, and on that basis denies each and every allegation set forth in said paragraph.

20. Xplore is without sufficient knowledge and lacks information from which to form

a belief as to the truth of the allegations in paragraph 20 of the Amended Complaint, and on that basis denies each and every allegation set forth in said paragraph.

21. To the extent the allegations set forth in paragraph 21 of the Amended Complaint are directed at or alleged against Defendant Xplore, Xplore denies each and every allegation set forth in paragraph 21 of the Amended Complaint. To the extent the allegations set forth in paragraph 21 of the Amended Complaint are directed at or alleged against the other Defendants in this case, Xplore is without sufficient knowledge and lacks information from which to form a belief as to the truth of the allegations in paragraph 21 of the Amended Complaint, and on that basis denies each and every allegation set forth in said paragraph. Xplore denies all remaining allegations set forth in paragraph 21 of the Amended Complaint.

22. To the extent the allegations set forth in paragraph 22 of the Amended Complaint are directed at or alleged against Defendant Xplore, Xplore denies each and every allegation set forth in paragraph 22 of the Amended Complaint. To the extent the allegations set forth in paragraph 22 of the Amended Complaint are directed at or alleged against the other Defendants in this case, Xplore is without sufficient knowledge and lacks information from which to form a belief as to the truth of the allegations in paragraph 22 of the Amended Complaint, and on that basis denies each and every allegation set forth in said paragraph. Xplore denies all remaining allegations set forth in paragraph 22 of the Amended Complaint.

23. To the extent the allegations set forth in paragraph 23 of the Amended Complaint are directed at or alleged against Defendant Xplore, Xplore denies each and every allegation set forth in paragraph 23 of the Amended Complaint. To the extent the allegations set forth in paragraph 23 of the Amended Complaint are directed at or alleged against the other Defendants in this case, Xplore is without sufficient knowledge and lacks information from which to form a

belief as to the truth of the allegations in paragraph 23 of the Amended Complaint, and on that basis denies each and every allegation set forth in said paragraph. Xplore denies all remaining allegations set forth in paragraph 23 of the Amended Complaint.

24. To the extent the allegations set forth in paragraph 24 of the Amended Complaint are directed at or alleged against Defendant Xplore, Xplore denies each and every allegation set forth in paragraph 24 of the Amended Complaint. To the extent the allegations set forth in paragraph 24 of the Amended Complaint are directed at or alleged against the other Defendants in this case, Xplore is without sufficient knowledge and lacks information from which to form a belief as to the truth of the allegations in paragraph 24 of the Amended Complaint, and on that basis denies each and every allegation set forth in said paragraph. Xplore denies all remaining allegations set forth in paragraph 24 of the Amended Complaint.

25. To the extent the allegations set forth in paragraph 25 of the Amended Complaint are directed at or alleged against Defendant Xplore, Xplore denies each and every allegation set forth in paragraph 25 of the Amended Complaint. To the extent the allegations set forth in paragraph 25 of the Amended Complaint are directed at or alleged against the other Defendants in this case, Xplore is without sufficient knowledge and lacks information from which to form a belief as to the truth of the allegations in paragraph 25 of the Amended Complaint, and on that basis denies each and every allegation set forth in said paragraph. Xplore denies all remaining allegations set forth in paragraph 25 of the Amended Complaint.

26. To the extent the allegations set forth in paragraph 26 of the Amended Complaint are directed at or alleged against Defendant Xplore, Xplore denies each and every allegation set forth in paragraph 26 of the Amended Complaint. To the extent the allegations set forth in paragraph 26 of the Amended Complaint are directed at or alleged against the other Defendants

in this case, Xplore is without sufficient knowledge and lacks information from which to form a belief as to the truth of the allegations in paragraph 26 of the Amended Complaint, and on that basis denies each and every allegation set forth in said paragraph. Xplore denies all remaining allegations set forth in paragraph 26 of the Amended Complaint.

## JURY DEMAND

27. The statements in paragraph 27 of the Amended Complaint do not require a response.

## PRAYER FOR RELIEF

To the extent a response is necessary, Xplore <u>denies</u> that Plaintiffs are entitled to any of the relief they request in paragraphs 1-9 of their Prayer for Relief as set forth in the Amended Complaint.

Any remaining allegations not specifically admitted herein are denied. Furthermore, Plaintiffs should be denied all requested relief.

## II. AFFIRMATIVE DEFENSES

28. In addition to the defenses set forth below, Xplore expressly reserves the right to allege additional defenses as they become known through the course of discovery.

29. Plaintiffs' Amended Complaint fails to state a claim upon which relief can be granted.

30. The claims of the '057 and '362 patents are invalid for failure to meet the requirements of the U.S. Patent laws, Title 35, United States Code § 101 *et seq*.

31. Xplore has neither infringed, nor induced, nor contributed to the infringement of either the '057 or the '362 patents in suit.

32. The relief sought by Plaintiffs is barred in whole or in part by the equitable doctrines of laches, estoppel and/or unclean hands.

33. Plaintiffs' claims for damages, if any, against Xplore are statutorily limited by 35 U.S.C. § 286 and/or § 287.

34. Plaintiffs are barred from recovering costs in connection with this action under 35 U.S.C. § 288.

35. Xplore has not willfully and/or deliberately infringed either the '057 patent or the '362 patent.

36. Based on the doctrine of prosecution history estoppel, Plaintiffs are estopped from asserting a claim construction that would cause the claims of either the '057 patent or the '362 patent to be infringed, either literally or under the doctrine of equivalents, by Xplore.

37. Xplore denies that Plaintiffs are entitled to any relief requested in their request for relief against Xplore.

### III.   COUNTERCLAIMS

38. Xplore hereby incorporates by reference as if fully set forth again each defense and each answer stated in Paragraphs 1-37 above.

**Parties**

39. Counterclaimant Xplore is a corporation organized under the laws of the State of Delaware with its principal place of business at 14000 Summit Drive, Suite 900, Austin, Texas 78728.

40. Upon information and belief, Plaintiff and Counter-Defendant Typhoon claims to be an corporation existing under the laws of Nevada with a place of business located at 711 South Carson Street, Suite 4, Carson City, Nevada 89701.

41. Upon information and belief, Plaintiff and Counter-Defendant Nova claims to be a corporation existing under the laws of Nevada with a place of business located at 325 South 48th Street, Suite 111, Tempe, Arizona 85281.

## Jurisdiction and Venue

42. These Counterclaims arise under Title 35 of the United States Code. This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201 and 2202, and under 35 U.S.C. § 1, *et. seq*.

43. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and 1400(b).

## Count One – Declaratory Relief Regarding Non-Infringement

44. In the Amended Complaint, Plaintiffs assert that Typhoon is the owner of the '057 and '362 patents and have charged Xplore with infringement, inducement to infringe, contributory infringement and willful and deliberate infringement of the '057 and '362 patents.

45. Xplore has denied that it has committed any of the alleged acts.

46. An actual and justiciable controversy exists between Xplore and Plaintiffs by virtue of Plaintiffs' Amended Complaint herein and Xplore's Answer and Defenses as to the alleged infringement and the validity of the '057 and '362 patents.

47. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq*., Xplore requests a declaration from the Court that Xplore has not infringed any valid claim of either the '057 or '362 patents, either directly, contributorily, or by inducement, or either literally or under the doctrine of equivalents.

## Count Two – Declaratory Relief Regarding Invalidity

48. In the Amended Complaint, Plaintiffs assert that Typhoon is the owner of the '057 and '362 patents and have charged Xplore with infringement, inducement to infringe, contributory infringement and willful and deliberate infringement of the '057 and '362 patents.

49. Xplore has denied that it has committed any of the alleged acts.

50. An actual and justiciable controversy exists between Xplore and Plaintiffs by

virtue of Plaintiffs' Amended Complaint herein and Xplore's Answer and Defenses as to the alleged infringement and the validity of the '057 and '362 patents.

51. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, Xplore requests a declaration from the Court that each of the claims of the '057 and '362 patents is invalid for failure to comply with the provisions of the patent laws, 35 U.S.C. § 101 *et seq.*

52. Xplore continues to investigate, *inter alia*, Plaintiffs' conduct in procuring the '057 and '362 patents and their use or possible misuse of such patents. Xplore accordingly reserves the right to assert additional counterclaims and additional defenses based upon these investigations.

## IV. EXCEPTIONAL CASE

53. To the extent this an exceptional case under 35 U.S.C. § 285, Xplore is entitled to recover from Plaintiffs for Xplore's attorneys' fees and costs incurred in connection with this action.

## V. PRAYER

WHEREFORE, Xplore prays that:

(a). Plaintiffs' Amended Complaint against Xplore be dismissed, with prejudice, and that a take-nothing judgment be entered against Plaintiffs and in favor of Xplore;

(b) Judgment be entered in favor of Xplore declaring that each of the claims of the '057 and '362 patents is invalid;

(c) Judgment be entered in favor of Xplore declaring that Xplore has not infringed any valid claim of either the '057 or the '362 patents, either directly, indirectly, contributorily, or by inducement, or either literally or under the doctrine of equivalents;

(d) Judgment be entered in favor of Xplore against the Plaintiffs that this an exceptional case and awarding to Xplore its attorneys' fees and costs under 35 U.S.C. § 285; and

(e)    Xplore be awarded any such other and further relief as is just and proper.

        Respectfully submitted,

        **JACKSON WALKER L.L.P.**

Dated: April 24, 2008    By:  /s/ John M. Jackson
    Lawrence A. Waks (TX 20670700)
    lwaks@jw.com
    Stacy Allen (TX 24034185)
    stacyallenr@jw.com
    JACKSON WALKER, L.L.P.
    100 Congress Avenue, Suite 1100
    Austin, Texas 78701
    Telephone No.: (512) 236-2000
    Facsimile No.: (512) 236-2002

    John M. Jackson (TX 24002340)
    jjackson@jw.com
    JACKSON WALKER L.L.P.
    901 Main Street, Suite 6000
    Dallas, Texas 75202
    Telephone No.: (214) 953-6000
    Facsimile No.:  (214) 953-5822

    ATTORNEYS FOR XPLORE TECHNOLOGIES CORPORATION OF AMERICA

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on April 24, 2008. Any other counsel of record will be served by first class mail.

    /s/ John M. Jackson
John M. Jackson