UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

TYPHOON TOUCH TECHNOLOGIES. INC.,
and NOVA MOBILITY SYSTEMS, INC.

      Plaintiffs,

vs.                                                                                     Civil Action No. 6:07cv546

DELL, INC., XPLORE TECHNOLOGIES
CORPORATION OF AMERICA,
ELECTROVAYA INC., and
SAND DUNE VENTURES, INC.

      Defendants.

_____

**DEFENDANT SAND DUNE VENTURES, INC.'S MOTION TO DISMISS PLAINTIFFS'
FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT FOR LACK OF
SUBJECT MATTER JURISDICTION DUE TO PLAINTIFFS' LACK OF STANDING**

      COMES NOW Defendant, Sand Dune Ventures, Inc. ("Sand Dune"), by and through undersigned counsel and pursuant to Fed.R.Civ.P. 12(b)(1), and moves to dismiss Plaintiffs' First Amended Complaint For Patent Infringement for lack of subject matter jurisdiction due to Plaintiffs' lack of standing and in support thereof, states as follows:

### I.    INTRODUCTION AND SUMMARY OF ARGUMENT.

      On March 10, 2008, Plaintiffs, Typhoon Touch Technologies, Inc. and Nova Mobility Systems, Inc. ("Plaintiffs"), filed a First Amended Complaint For Patent Infringement ("Amended Complaint"), which added Sand Dune and several other parties as defendants. In the Amended Complaint, Plaintiffs allege infringement of U.S. Patent No. 5,379,057, issued on January 3, 1995 ("the '057 patent"), and U.S. Patent No. 5,675,362, issued on October 7, 1997 ("the '362 patent"). As issued, both the '057 patent and the '362 patent identify Microslate, Inc.,

1

of Brossard, Canada as the sole assignee, as evidenced on the copies of the '057 patent and the '362 patent (collectively, "the patents-in-suit") attached to Amended Complaint as Exhibits A and B, respectively.

The Amended Complaint, however, alleges that Plaintiff Typhoon Touch Technologies Inc. ("Typhoon Touch") is the "owner by assignment of the '057 and '362 patents", and further alleges that Plaintiff Nova Mobility Systems, Inc. ("Nova Mobility") is the "exclusive licensee of all rights to make, use, and sell the patents-in-suit." See Amended Complaint at ¶¶13 and 14, respectively. Plaintiffs did not attach a copy of any assignment document or any other evidence of the alleged assignment of the patents-in-suit to Typhoon Touch to the Amended Complaint, or any evidence of the alleged exclusive license to Nova Mobility. More in particular, the Amended Complaint is silent as to who allegedly assigned the patents-in-suit to Typhoon Touch, or when the alleged assignment(s) to Typhoon Touch occurred, and is equally silent as to the alleged exclusive license to Nova.

Sand Dune asserts that, based upon the allegations of the Amended Complaint and in view of the evidence presented herein, neither Typhoon Touch nor Nova Mobility ever had legal title to either of the patents-in-suit, including at the time Plaintiffs filed suit, and therefore, Plaintiffs lack standing to bring the present action.

The records of the United States Patent and Trademark office reveal only a single purported assignment for each of the patents-in-suit, that being the document entitled Assignment of Patents, recorded with the United States Patent and Trademark Office on July 13, 2007, and located at Reel: 019580 and Frame: 0341-0343 ("Assignment"). As identified in Exhibit A, a true and correct copy of the purported Assignment obtained from the official records of the U.S. Patent and Trademark Office is attached hereto as Exhibit B. This Assignment

purports to assign both of the patents-in-suit from Nova Mobility Systems, Inc. to Typhoon Tunes, Inc. on June 4, 2007. It is noteworthy that the purported Assignment was <u>not</u> attached to the Amended Complaint, likely due to the fact that the purported Assignment is between Plaintiff Nova as assignor and Typhoon Tunes, Inc. as assignee, and does <u>not</u> evidence the assignment of any rights to Plaintiff Typhoon Touch Technologies, Inc., as is alleged therein. Moreover, the Assignment is deficient on its face as it merely states that "Assignor [Nova] did obtain US Patent 5,379,057 filed on June 3, 1995 [sic] and U.S. Patent No. 5,675,362 filed on October 7, 1997 [sic].'" See Exhibit B. The Assignment does not identify the entity or date that Nova allegedly "obtained" the patents-in-suit from the only known and original assignee of record, i.e., Microslate, Inc.

Moreover, there is no record of any assignment from the original assignee identified on the face of each of the patents-in-suit, i.e., Microslate, Inc., to either Nova, Typhoon Touch, Typhoon Tunes, or any other entity. In fact, the only other assignment record related to the patents-in-suit recorded with the United States Patent and Trademark Office is the Assignment of the original parent patent application filed on November 14, 1988 and having Serial Number 07/271237, now abandoned, which is located at Reel: 00560 and Frame: 0237-0239 ("Original Assignment"). As identified in Exhibit A, a true and correct copy of the Original Assignment obtained from the official records of the U.S. Patent and Trademark Office is attached hereto as Exhibit C. The Original Assignment is from the co-inventors, Clough, Ouelette, and De LA Sablonniere, to Microslate, Inc., and is dated June 2, 1989. As may be seen from Exhibit C, the co-inventors assigned not only their entire "right, title, and interest in and to" the original parent patent application, but further assigned their rights to "all divisional, renewal, substitute, continuation and Convention applications based in whole or in part" thereupon. Thus, the

Original Assignment served to effectively assign the patents-in-suit to Microslate, Inc., as is substantiated by the identification of Microslate on the face of the patents-in-suit as issued, as noted above.

This gap in the chain of title of the patents-in-suit, as evidenced from records obtained from the United States Patent and Trademark Office, completely refutes Plaintiffs' allegations in the Amended Complaint that Typhoon Touch is the "owner by assignment" of the patents-in-suit. Absent ownership of the '057 and '362 patents on the date this action was filed, Plaintiffs did not have standing to bring this action for patent infringement, and therefore, the Court should dismiss this action with prejudice.

## II. STANDARD FOR DISMISSAL UNDER RULE 12(B)(1).

In a 12(b)(1) motion, challenging the jurisdiction of the court, the burden lies with the party invoking the court's jurisdiction. Thomson v. Gaskill, 315 U.S. 442, 62 S. Ct. 673, 86 L. Ed. 951 (1942); Ramming v. United States, 281 F.3d 158 (5th Cir. 2001). This principle applies to a jurisdictional challenge based on lack of standing as well as other challenges to subject matter jurisdiction. Triple Tee Golf, Inc. v. Nike, Inc., 511 F. Supp. 2d 676 (N.D. Tex. 2007); Steel Co. v. Citizens for Better Env't, 523 U.S. 83, 103-104, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998).

In evaluating whether subject matter jurisdiction exits, "[t]he court may freely consider extrinsic materials submitted by the parties to satisfy itself that jurisdiction is proper because 'a court may not … extend its jurisdiction where none exists.'" McDaniel v. United States, 899 F. Supp. 305, 307 (E.D. Tex. 1995) (citing Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 818, 108 S. Ct. 2166, 2179, 100 L. Ed. 2d 811 (1988)). A court may dismiss a complaint

for lack of subject matter jurisdiction by considering the complaint, undisputed facts in the record, and the court's resolution of disputed facts. Clark v. Tarrant County, Tex., 798 F.2d 736, 741 (5th Cir. 1986). Standing is an issue that the court must decide, regardless of whether the particular standing issue involves a question of fact or law. See, e.g., Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. 1981). Further "[s]tanding cannot be inferred from the averments of the pleadings," but "must affirmatively appear in the record." P&G v. Paragon Trade Brands, 917 F. Supp. 305 (D. Del. 1995)(citing Grace v. American Cent. Ins. Co., 109 U.S. 278, 284, 27 L. Ed. 932, 3 S. Ct. 207 (1883) and Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382, 28 L. Ed. 462, 4 S. Ct. 510 (1884)).

### III. PLAINTIFFS' AMENDED COMPLAINT MUST BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION DUE TO PLAINTIFFS' LACK OF STANDING.

#### A. Standing Requirement in Federal Court Cases.

Standing is a "threshold question in every federal case, determining the power of the court to entertain the suit." Warth v. Seldin, 422 U.S. 490, 498, 45 L. Ed. 2d 343, 95 S. Ct. 2197 (1975). To have standing, a plaintiff must be entitled to have the court decide the merits of his claim. See id. The requirement that a litigant have standing to bring a lawsuit in a federal court is derived from the case or controversy requirement. See Allen v. Wright, 468 U.S. 737, 750 (1984). An aspect of justiciability, the standing question is whether the plaintiff has "alleged such a personal stake in the outcome of the controversy" as to warrant his invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on his behalf. Baker v. Carr, 369 U.S. 186, 204 (1962). A federal court's jurisdiction therefore can be invoked only when the plaintiff himself has suffered "some threatened or actual injury resulting from the

putatively illegal action…." Warth, 422 U.S. at 499 (quoting Linda R. S. v. Richard D., 410 U.S. 614, 617 (1973)).

### B. Standing in Patent Infringement Cases.

The Patent Act provides that a "patentee" shall have remedy by civil action for patent infringement. 35 U.S.C. § 281. The term "patentee" is defined in the Patent Act under section 100(d) as including not only the patentee to whom the patent issued, but the successors in title to the patentee. Courts have interpreted this section to require a patent infringement suit to be brought by a party holding legal title to the patent. Enzo APA & Son v. Geapag A.G., 134 F.3d 1090, 1093 (Fed. Cir. 1998); Arachnid, Inc. v. Merit Indus., Inc., 939 F.2d 1574, 1578-79 (Fed. Cir. 1991).

Specifically, an assignee is the patentee and has standing to bring suit for infringement in its own name. See Enzo, 134 F.3d at 1093; 35 U.S.C. § 100(d). Further, patent assignments are governed by 35 U.S.C. § 261, which states:

> Applications for patent, patents, or any interest therein, shall be assignable in law by an instrument in writing. The applicant, patentee, or his assigns or legal representatives may in like manner grant and convey an exclusive right under his application for patent, or patents, to the whole or any specified part of the United States.

35 U.S.C. § 261. However, "the mere fact that an assignment was recorded in the [United States Patent and Trademark Office] does not, without more, prove that a valid assignment actually took place. Gaia Techs. v. Reconversion Techs., 93 F.3d 774 (Fed. Cir. 1996) (citing 37 C.F.R. § 3.54 (1995) ("The recording of a document . . . is not a determination by the [PTO] of the validity of the document or the effect the document has on the title to an application, a patent, or a registration.").

Furthermore, a patent infringement plaintiff must have standing at the time the suit is

6

filed. Gaia, 93 F.3d 774 at 775. In Gaia, the Federal Circuit prohibited the plaintiff from correcting a defect in standing after the filing of the lawsuit. The Federal Circuit reversed the district court's denial of defendant's motion to dismiss, although plaintiff prevailed on its patent infringement claims and plaintiff had acquired standing prior to the trial through a *nunc pro tunc* assignment. The Federal Circuit held that a *nunc pro tunc* agreement was not sufficient to confer standing on plaintiff retroactively citing public policy concerns set forth in Proctor & Gamble Co. v. Paragon Trade Brands, Inc., 917 F. Supp. 305, 310 (D. Del. 1995):

> As a general matter, parties should possess rights before seeking to have them vindicated in court. Allowing a subsequent assignment to automatically cure a standing defect would unjustifiably expand the number of people who are statutorily authorized to sue. Parties could justify the premature initiation of an action by averring to the court that their standing through assignment is imminent. Permitting non-owners and licensees the right to sue, so long as they eventually obtain the rights they seek to have redressed, would enmesh the judiciary in abstract disputes, risk multiple litigation, and provide incentives for parties to obtain assignments in order to expand their arsenal and the scope of litigation. Inevitably, delay and expense would be the order of the day.

Id at 780.; see also Enzo APA & Son v. Geapag A.G., 134 F.3d 1090, 1094 (Fed. Cir. 1998) (refusing to confer standing on plaintiff based on a retroactive licensing arrangement).

In order to establish whether Plaintiffs have standing to bring the present action, the Court must be able to trace the chain of title of the patents-in-suit from its original owner, Microslate, Inc., to either of Plaintiffs, Typhoon Touch Technologies, Inc. or Nova Mobility Systems, Inc. Plaintiffs' bald allegation that Typhoon Touch is the "owner by assignment" (Amended Complaint at ¶ 13) is insufficient. In fact, based on both the Original Assignment and the purported Assignment documents obtained from the records of the United States Patent and Trademark Office and attached hereto, it is clear that <u>neither</u> Plaintiff is the assignee of either of the '057 and '362 patents and <u>neither</u> Plaintiff was the assignee at the time the suit was filed. To begin, neither the Original Assignment nor the purported Assignment include any indicia that the

'057 and '362 patents were assigned by Microslate to Nova, or any other party.  Second, the purported Assignment fails to state from whom Nova purportedly "obtained" the patents-in-suit, or when the purported assignment to Nova occurred.  Third, notwithstanding the foregoing defects, the purported Assignment identifies Typhoon Tunes, Inc. as assignee of the patents-in-suit, and not Plaintiff Typhoon Touch Technologies, Inc.

Indeed, there is nothing in the record evidencing any assignment to Plaintiff Typhoon Touch to establish that it was the "owner by assignment" or otherwise of the patents-in-suit at the time Plaintiffs filed the present action.  Accordingly, Plaintiff Typhoon Touch lacks standing to maintain this action for patent infringement as it was not the owner of either the '057 patent or the '362 patent at the time suit was filed.  As to Plaintiff Nova Mobility, it does not even assert ownership, but rather relies upon purported and unsubstantiated exclusive licensee status.  Thus, Nova Mobility can no more claim standing than Typhoon Touch.  Therefore, the Court lacks subject matter jurisdiction to entertain this action.

### C. Dismissal With Prejudice.

A dismissal with prejudice is appropriate, especially where it is plainly unlikely that the plaintiff will be able to cure the standing problem.  See Textile Prods. v. Mead Corp., 134 F.3d 1481, 1485 (Fed. Cir. 1998).  In Textile, the Federal Circuit upheld the district court's dismissal of plaintiff's claim for patent infringement with prejudice holding that plaintiff "had its chance to show standing and failed."  Id.

Similarly, Plaintiffs' Amended Complaint should be dismissed with prejudice as Plaintiffs' lack of standing cannot be cured retroactively by a *nunc pro tunc* assignment.  See Gaia Techs. v. Reconversion Techs., 93 F.3d 774 (Fed. Cir. 1996).

**WHEREFORE**, Defendant, Sand Dune Ventures, Inc., respectfully requests that this Court dismiss Plaintiffs' Amended Complaint with prejudice for lack of subject matter jurisdiction due to Plaintiffs' lack of standing and such further relief the Court deems just and proper.

Respectfully submitted,

Dated: May 9, 2008

By: */s/ Michael E. Jones*
Michael E. Jones
State Bar No. 10929400
POTTER MINTON
A Professional Corporation
110 N. College, Suite 500 (75702)
P. O. Box 359
Tyler, Texas 75710
(903) 597 8311
(903) 593 0846 (Facsimile)
mikejones@potterminton.com

John Cyril Malloy, III
Florida Bar No. 964,220
jcmalloy@malloylaw.com
Peter A. Matos
Florida Bar No. 992,879
pmatos@malloylaw.com
John Fulton, Jr.
Florida Bar No. 173,800
jfulton@malloylaw.com
Benjamin M. Hanrahan
Florida Bar No. 27,859
bhanrahan@malloylaw.com
MALLOY & MALLOY, P.A.
2800 S.W. Third Avenue
Miami, Florida 33129
Telephone (305) 858-8000
Facsimile (305) 858-0008
Attorneys for Defendant Sand Dune Ventures, Inc.

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on May 9, 2008. Any other counsel of record will be served by First Class U.S. mail on this same date.

*/s/ Michael E. Jones*