**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| TYPHOON TOUCH TECHNOLOGIES, INC. and NOVA MOBILITY SYSTEMS, INC., | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 6:07cv546 |
| DELL, INC., XPLORE TECHNOLOGIES CORPORATION OF AMERICA, ELECTROVAYA INC., and SAND DUNE VENTURES, INC. | § § § § § § | |
| Defendants. | § | Jury Trial Demanded |

**PLAINTIFFS' REPLY TO DEFENDANT XPLORE TECHNOLOGIES
CORPORATION OF AMERICA'S COUNTERCLAIMS**

Plaintiffs and Counterclaim Defendants, Typhoon Touch Technologies, Inc. and Nova Mobility Systems, Inc., (collectively "Typhoon"), hereby reply to the Counterclaims of Defendant Xplore Technologies Corporation of America ("Xplore") and in support thereof, state and allege as follows:

**COUNTERCLAIMS**

**Parties**

1.      Typhoon lacks sufficient information to admit or deny the allegations of paragraph 39 of the Counterclaims and, therefore, denies the same.

2.      Typhoon admits the allegations of paragraph 40 of the Counterclaims.

3.      Typhoon admits the allegations of paragraph 41 of the Counterclaims.

## Jurisdiction and Venue

4.    Typhoon admits that the Counterclaims, as recited in paragraph 42 of the Counterclaims, purport to be an action arising under Title 35 U.S.C. of the United States Code and that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202, and under 35 U.S.C. § 1 *et. seq.*

5.    Typhoon admits the allegations of paragraph 43 of the Counterclaims.

## COUNT I

### Declaratory Relief Regarding Non-Infringement

6.    Typhoon admits the allegations of paragraph 44 of the Counterclaims.

7.    Typhoon admits that Xplore has denied in paragraph 45 of the Counterclaims that it has committed any of the alleged acts, but maintains that Xplore has infringed the claims of the '057 and/or the '362 patents.

8.    Typhoon admits the allegations of paragraph 46 of the Counterclaims that an actual and justiciable controversy exists between Xplore and Plaintiffs by virtue of Plaintiffs' Complaint and Xplore's Answer and Defenses as to the alleged infringement and the validity of the '057 and '362 patents.  Typhoon denies any allegation that Xplore has not infringed any valid claim of either the '057 or '362 patents, either directly, contributorily, or by inducement, or either literally or under the doctrine of equivalents.  Typhoon denies any allegation that any claim of either the '057 or '362 patent is invalid.

9.    Typhoon admits that Xplore has requested in paragraph 47 of the Counterclaims a declaration from the Court pursuant to the Federal Declaratory Judgment Act, 28 U.S.C §§ 2201 *et seq.*  Typhoon denies any allegation that Xplore has not infringed any valid claim of either the '057 or '362 patents, either directly, contributorily, or by inducement, or either literally or under the doctrine of equivalents.

## COUNT II

### Declaratory Relief Regarding Invalidity

10.     Typhoon admits the allegations of paragraph 48 of the Counterclaims.

11.     Typhoon admits that Xplore has denied that it has committed any of the alleged acts as recited in paragraph 49 of the Counterclaims, but maintains that Xplore has infringed the claims of the '057 and/or '362 patents.

12.     Typhoon admits that an actual and justiciable controversy exists between Xplore and Plaintiffs by virtue of Plaintiffs' Complaint and Xplore's Answer and Defenses as to the alleged infringement and the validity of the '057 and '362 patents as recited in paragraph 50 of the Counteclaims.  Typhoon denies any allegation that Xplore has not infringed any valid claim of either the '057 or '362 patents, either directly, contributorily, or by inducement, or either literally or under the doctrine of equivalents.  Typhoon denies any allegation that any claim of either the '057 or '362 patent is invalid.

13.     Typhoon admits that Xplore has requested in paragraph 51 of the Counterclaims a declaration from the Court pursuant to the Federal Declaratory Judgment Act, 28 U.S.C §§ 2201 *et seq*.  Typhoon denies any allegation that any claim of either the '057 or '362 patent is invalid.

14.     Typhoon lacks sufficient information to admit or deny the allegations of paragraph 52 of the Counterclaims and, therefore, denies the same.

### EXCEPTIONAL CASE

15.     Typhoon denies the allegations of paragraph 53 of the Counterclaims.

## PRAYER

WHEREFORE, Typhoon requests that the Court enter a judgment in favor of Typhoon as recited in its Prayer; dismiss each of Defendant's Counterclaims with prejudice, and deny each of Defendant's prayers for relief recited in subsections (a) through (d) in their entirety so that Defendant obtains no relief and takes nothing for its Counterclaims.

Dated:  May 19, 2008

Respectfully submitted,

/s/ Trey Yarbrough
Trey Yarbrough
Texas Bar No. 22133500
trey@yw-lawfirm.com
Yarbrough ♦ Wilcox, PLLC
100 E. Ferguson, Suite 1015
Tyler, Texas  75702
Phone:  (903) 595-3111
Fax:  (903) 595-0191

**ATTORNEY FOR PLAINTIFFS
TYPHOON TOUCH TECHNOLOGIES,
INC. and NOVA MOBILITY SYSTEMS,
INC.**

**OF-COUNSEL FOR PLAINTIFFS**
**TYPHOON TOUCH TECHNOLOGIES, INC. and NOVA MOBILITY SYSTEMS, INC.:**

H. Keeto Sabharwal
N.Y. Bar No. 2910453
Sabharwal@blankrome.com

Nirav N. Desai
Virginia Bar No. 72887
Desai@blankrome.com

BLANK ROME LLP
600 New Hampshire Ave., N.W.
Washington, DC  20037
Phone:  (202) 772-5932
Fax: (202) 772-5858

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 19th day of May, 2008.  All other counsel not deemed to have so consented will be served via facsimile transmission and/or first class mail.

*/s/ Trey Yarbrough*
Trey Yarbrough