## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| TYPHOON TOUCH TECHNOLOGIES, INC. and NOVA MOBILITY SYSTEMS, INC., | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 6:07cv546 |
| DELL, INC., XPLORE TECHNOLOGIES CORPORATION OF AMERICA, ELECTROVAYA INC., and SAND DUNE VENTURES, INC. | § § § § § § | |
| Defendants. | § | |

### PLAINTIFFS' OPPOSITION TO DEFENDANT SAND DUNE VENTURES, INC.'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT FOR LACK OF SUBJECT MATTER JURISDICTION DUE TO PLAINTIFFS' LACK OF STANDING

Plaintiffs, Typhoon Touch Technologies, Inc. ("Typhoon") and Nova Mobility Systems, Inc. ("Nova Mobility") (collectively, "Plaintiffs"), hereby respond to Defendant Sand Dune Ventures, Inc.'s ("Sand Dune") Motion to Dismiss Plaintiffs' First Amended Complaint for Patent Infringement for Lack of Subject Matter Jurisdiction Due to Plaintiffs' Lack of Standing ("Motion to Dismiss") and respectfully request the Court deny Defendant Sand Dune's Motion.

As demonstrated below, this Court has subject matter jurisdiction over this patent infringement action, and Typhoon, as the owner by assignment of U.S. Patent No. 5,379,057, issued on January 3, 1995 ("the '057 patent"), and U.S. Patent No. 5,675,362, issued on October 7, 1997, ("the '362 patent"), and Nova Mobility, as the exclusive licensee of the '057 and '362 patents (collectively, "the patents-in-suit"), have standing to bring this action. Sand Dune's

motion is nothing more than a dilatory tactic used to delay the progression of this matter. Accordingly, the Court should deny Sand Dune's Motion to Dismiss in its entirety.

## I. Introduction

Subject matter jurisdiction is proper in this Court because: (1) Typhoon has properly alleged ownership of the '057 and '362 patents in Typhoon's First Amended Complaint as explicitly admitted by Sand Dune; and (2) Typhoon is indeed the owner by assignment of the '057 and '362 patents, and Nova Mobility is the exclusive licensee of all rights to make, use, and sell the '057 and '362 patents.

Sand Dune's entire argument against standing rests upon a fundamental misunderstanding (or mischaracterization) of the law as well as an inadequate factual investigation regarding the chain of title to the '057 and '362 patents. Sand Dune spends much of its brief arguing that Typhoon did not record all of the assignments to the patents-in-suit in United States Patent and Trademark Office ("USPTO"). Based upon this cursory review of the chain of title, Sand Dune then concludes that "[t]his gap in the chain of title of the patents-in-suit, as evidenced from records obtained from the United States Patent and Trademark Office, completely refutes Plaintiffs' allegations in the Amended Complaint that Typhoon Touch is the 'owner by assignment' of the patents-in-suit." *See* Motion to Dismiss, p. 4.

This argument is simply wrong on its face. Sand Dune does not – and cannot – recite a single case or point of legal authority that requires a party to record all of its assignments in the USPTO before that party can obtain valid title to a patent – because no such legal authority exists. To the contrary, the case law is decidedly clear, and has been for decades, that an assignment does ***not*** have to be recorded in order to initiate a suit for infringement. On this basis alone, Sand Dune's Motion to Dismiss should be rejected.

Indeed, had Sand Dune conducted a superficial inquiry of the public record prior to filing this frivolous Motion to Dismiss, it would have realized that there is more to the chain of title story than revealed by a cursory review of the USPTO's voluntary assignment recordation database (and, probably, not have filed this Motion to Dismiss). As set forth in detail below, both patents were properly assigned to Typhoon and exclusively licensed to Nova Mobility ***before*** the Plaintiffs filed the instant action. Therefore, not only did Sand Dune incorrectly recite the law, but it also failed to fully investigate the ***publicly available*** facts prior to filing this Motion to Dismiss.

## II. Factual Background

### A. The Patent Infringement Complaint

Plaintiffs filed the instant Complaint on December 5, 2007, alleging that Motion Computing, Inc. and Dell, Inc., also known as Dell Computer, Inc., infringed two patents related to tablet personal computers and handheld computer systems manufactured and sold by Nova Mobility. On March 10, 2008, Plaintiffs filed an Amended Complaint asserting the same allegations against Dell, Inc., Xplore Technologies Corporation of America, Electrovaya Inc., and Sand Dune. The Amended Complaint identified, described, and attached the '057 and '362 patents, and explicitly stated that "Typhoon is the owner by assignment of the '057 and '362 patents (collectively, the 'patents-in-suit')" and "Nova Mobility is the exclusive licensee of all rights to make, use, and sell the patents-in-suit." *See* Am. Compl. ¶¶ 13-14.

Notwithstanding the exhibits attached to the Amended Complaint, and the Plaintiffs' averments, Sand Dune apparently conducted its own incomplete investigation of the chain of title of the '057 and '362 patents. Based on Sand Dune's discovery of only two assignment documents obtained from the U.S. Patent and Trademark Office, Sand Dune apparently

concluded that Typhoon was not the owner by assignment of the '057 and '362 patents and filed the instant Motion based on a lack of subject matter jurisdiction due to an alleged lack of standing. *See* Motion to Dismiss Exs. B & C. Sand Dune's failure to conduct a thorough investigation, however, has led to the wrong conclusion. As clearly outlined below, the chain of title of the '057 and '362 patents ends with Typhoon as the owner by assignment of both patents on June 4, 2007, six months before the Plaintiffs filed their original Complaint.

### B. The Assignment of the '057 and '362 Patents

On February 6, 1989, inventors William A. Clough, Daneil Ouelette, and Serge De La Sablonniere assigned their rights in patent application number 7-271237 entitled "Portable Computer with touch Screen and Computer Employing Same" and their rights to "all divisional, renewal, substitute, continuation and Convention applications based in whole or in part" thereon to Microslate Inc. of Canada.[1] *See* Motion to Dismiss Ex. C. This assignment was recorded with the USPTO on February 10, 1989. *Id.* Following the assignment of all rights, title and interest to said patent application, the '057 patent entitled "Portable Computer with touch Screen and Computer Employing Same" was issued on January 3, 1995, and the '362 patent entitled "Portable Computer with touch Screen and Computer Employing Same" was issued on October 7, 1997, to the three aforementioned inventors. *See* Am. Compl. Exs. A & B. Based upon the 1989 assignment, Microslate Inc. obtained all rights, title and interest in the '057 and '362 patents upon issuance.

On October 29, 2004, Microslate Inc. entered into a Loan Agreement with Channel Analytics, LTD of Canada ("CA, Canada") in which Microslate Inc. pledged as security all movable property, present and future, including the '057 and '362 patents. This secured interest,

---

[1] Sand Dune incorrectly asserts an execution date of June 2, 1989 in its Motion to Dismiss.

also known as a Hypothec, was recorded with the Registre des Droits Personnels et Reels Mobiliers of Quebec, Canada on November 18, 2004. *See* Ex. 1-A. On November 21, 2005, CA, Canada assigned all rights, title and interests in the indebtedness owed under the terms of the Loan Agreement of October 29, 2004 to Channel Analytics, LTD of Delaware ("CA, USA") *See* Ex. 2-A.

On November 29, 2005, Microslate Inc. was declared bankrupt. Demers Beaulne Lachance Inc. was the named Trustee to the bankruptcy estate of Microslate Inc., and an inventory report of the Microslate Inc. estate was prepared for the Trustee by Gestion JPM Management and included all intellectual property including the '057 and '362 patents. *See* Ex. 2-C. Then, on December 21, 2005, CA, USA, sold to Guardian Technologies Inc. the November 21, 2005 Deed of Assignment, and on December 23, 2005, the Trustee and CA, USA executed a Deed of Voluntary Surrender of Property Charged Under a Movable Hypothec and Taking in Payment surrendering to CA, USA all property of Microslate Inc. in possession of the Trustee. *See* Exs. 2-B & 2-D. At that time, Guardian Technologies Inc. took possession of the property as a result of the Purchase of Shares Agreement of December 21, 2005.

On January 11, 2006, Guardian Technologies Inc., a Delaware corporation, changed its name to Nova Mobility Solutions Inc. *See* Ex. 2-E. And on January 28, 2006, Nova Mobility Solutions Inc. of Nevada acquired assets relating to rugged mobile computers, including the '057 and '362 patents, through an Asset Purchase Agreement, from Nova Mobility Solutions Inc. of Delaware. *See* Ex. 2-F. On August 31, 2006, Nova Mobility Solutions Inc. of Nevada changed its name to Nova Mobility Systems Inc. *See* Ex. 2-G.

On June 4, 2007, Nova Mobility sold the '057 and '362 patents to Typhoon Tunes via a Patent Rights Purchase Agreement. *See* Ex. 2-H. Pursuant to the Patent Rights Purchase

5

Agreement of June 4, 2007, an Assignment of Patents was recorded with the USPTO on July 13, 2007. *See* Motion to Dismiss Ex. B. Then, on December 3, 2007, Nova Mobility executed an Exclusive Patent License Agreement with Typhoon[2] to make, use, and sell the inventions claimed in the '057 and '362 patents. *See* Ex. 2-I.[3]

As evident from this history of assignments of the '057 and '362 patents, Typhoon is the rightful owner by assignment of the patents, as alleged in the Amended Complaint, and Nova Mobility is the exclusive licensee of the '057 and '362 patents, as further alleged in the Amended Complaint.

### III. Argument

#### A. The Standard for a Rule 12(b)(1) Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(1) authorizes the dismissal of a case for lack of jurisdiction over the subject matter. *See* Fed. R. Civ. P. 12(b)(1). In ruling on a motion to dismiss under 12(b)(1), the Court may rely on "(1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001).

The standard for reviewing a motion under Rule 12(b)(1) further depends on whether the defendant makes a "facial" or "factual" attack on the plaintiff's complaint. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). A defendant makes a facial attack by the mere

---

[2] On September 14, 2007, Typhoon Tunes changed its name to Typhoon Touch Technologies, Inc. *See* Ex. 1-B.

[3] As described in the Declaration of George Ecker, the Exclusive Patent License Agreement of December 3, 2007 attached to Mr. Ecker's Declaration as Exhibit 2-I contains a typographical error. Nova Mobility Systems is identified as a Delaware Corporation when, in fact, it is a Nevada corporation, as evidenced by the previously referenced Exhibit 2-G, attached thereto, as well as the Amended Complaint.

filing of a Rule 12 (b)(1) motion. *Id.* When confronted by a "facial" attack, the Court looks at the sufficiency of the allegations in the complaint, which are presumed to be true. *Id.* If those jurisdictional allegations sufficiently allege a claim for recovery under federal law, the complaint stands and the federal court must entertain the suit. *Digital Packing Licensing, Inc. v. AT&T*, 2006 WL 462442, at *2 (N.D. Tex. Feb. 27, 2006) (*citing id.*). A defendant makes a "factual" attack, on the other hand, "by providing affidavits, testimony, or other evidentiary materials challenging the jurisdiction of the court." *Paterson*, 644 F.2d at 523. On a "factual" attack, the Court will consider matters outside of the pleadings, like affidavits and testimony. *Garcia v. Copenhaver, Bell & Assocs., M.D.'s, P.A.*, 104 F.3d 1256, 1260-61 (11th Cir. 1997)

**B. The Court Should Deny Sand Dune's Motion to Dismiss Because the Amended Complaint Alleges Typhoon Touch's Ownership of the '057 and '362 Patents Which is Sufficient to Establish the Plaintiffs' Standing to Sue.**

Sand Dune alleges that the Plaintiffs failed to establish that Typhoon was the "owner by assignment" of the '057 and '362 patents in the Amended Complaint. As stated above, however, in ruling on a motion to dismiss under Rule 12(b)(1), the Court may rely on "(1) the complaint alone . . . ." *Den Norske Stats Oljeselskap As,* 241 F.3d at 424 (5th Cir. 2001). As Sand Dune itself admits, Typhoon sufficiently and properly pled its ownership rights in the '057 and '362 patents, and Nova Mobility properly alleged that it held an exclusive license to make, use and sell the '057 and '362 patents. *See* Am. Compl. ¶¶ 13-14. By making these assertions in the Amended Complaint, the Plaintiffs thereby established their standing to bring suit in the present cause of action.

Numerous decisions have held that allegations such as the ones in Plaintiffs' Amended Complaint are sufficient to plead the Plaintiffs' standing to sue. For example, the Fifth Circuit held in *McZeal v. Sprint Nextel Corp.* that a patent infringement plaintiff had established its standing to sue where its complaint contained "a statement that the plaintiff owns the patent."

7

*McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357-58 (Fed. Cir. 2007). As such, the *McZeal* court explained, the plaintiffs complaint "m[et] the notice pleading" requirement, and "[n]othing more was required." *Id.* The court reached the same conclusion in *InternetAd Systems LLC v. Opodo Ltd.*, 481 F.Supp.2d 596, 604 (N.D. Tex. 2007), holding that "if Plaintiff alleges in its complaint that it is an exclusive licensee with all substantial rights in the Patents, it has indeed asserted standing to sue." *InternetAd Systems LLC,* 481 F.Supp.2d at 604.

Clearly, based solely on the Amended Complaint, the Plaintiffs properly pled and thereby established their standing to bring suit. Therefore, the Court may find that it has subject matter jurisdiction over this matter, and as a result, Sand Dune's Motion to Dismiss should be denied.

### C. The Court Should Deny Sand Dune's Motion to Dismiss Because Typhoon Touch was the Lawful Owner of the '057 and '362 Patents When it Filed the Amended Complaint.

Sand Dune further alleges, based upon its extremely limited investigation[4] into the history of assignments of the '057 and '362 patents, that there is no clear chain of title giving Typhoon an ownership interest in the patents, and therefore, Plaintiffs have failed to demonstrate their standing to bring a suit for patent infringement. Plaintiffs filed their original Complaint on December 5, 2007. At that time, as evidenced by the recitation of facts in Section II(B) above, and supported by the Declaration of Nirav Desai, attached hereto as Exhibit 1, the Declaration of George Ecker, attached hereto as Exhibit 2, and all of the exhibits attached to said Declarations, Typhoon was the lawful owner by assignment of the '057 and '362 patents. In addition,

---

[4] While not all of the documents attached hereto in support of a clear chain of title are a matter of public record, a simple Internet search would have revealed the existence of the Microslate bankruptcy and a review of the publicly available corporate filings of Typhoon would have revealed the corporate name change from Typhoon Tunes to Typhoon Touch Technologies. Such inquiries would have been prudent and reasonable before, *inter alia*, speculating that "[i]t is noteworthy that the purported Assignment was not attached to the Amended Complaint, likely due to the fact that the purported Assignment is between Plaintiff Nova as assignor and Typhoon

8

Typhoon and Nova Mobility had already executed an exclusive license agreement that gave Nova Mobility the exclusive right to make, use, and sell the '057 and '362 patents. Furthermore, Typhoon continued to own the patents and Nova Mobility continued to have an exclusive license to said patents when the Amended Complaint was filed on March 10, 2008.

The exhibits attached to this Opposition unequivocally establish the Plaintiffs' irrefutable standing to sue Sand Dune for patent infringement. Under 35 U.S.C. § 281, "[a] patentee shall have remedy by civil action for infringement of his patent." The term "patentee" includes "not only the patentee to whom the patent was issued but also the successors in title to the patentee." 35 U.S.C. § 100(d). Accordingly, "[a] patentee may transfer title to a patent by assignment, and the assignee may be deemed the effective patentee under 35 U.S.C. § 281 for purposes of holding standing to sue another for patent infringement in its own name." *Aspex Eyewear, Inc. v. Miracle Optics, Inc.*, 434 F.3d 1336, 1340 (Fed. Cir. 2006).

In this case, the Plaintiffs have fully supported the allegations in their Amended Complaint by demonstrating to the Court, via the Amended Complaint and the exhibits attached hereto, that Typhoon is a "patentee" pursuant to 35 U.S.C. § 100(d). Accordingly, pursuant to 35 U.S.C. § 281, Typhoon has the right to sue Sand Dune for its infringement of the '057 and '362 patents. Based upon these undisputed facts, Sand Dune's Motion to Dismiss should be denied.

**D. The Court Should Deny Sand Dune's Motion to Dismiss Because the Recordation of the '057 and '362 Patents with the U.S. Patent & Trademark Office is Irrelevant to the Issue of Ownership.**

Sand Dune also implies that the Plaintiffs could not possibly own the '057 and '362 patents because Typhoon is not reflected as a proper assignee of the patents in the USPTO's

---

Tunes, Inc. as assignee, and does <u>not</u> evidence the assignment of any rights to Plaintiff Typhoon

records. Legal ownership of a patent, however, is not contingent upon recordation of the patent assignment in the USPTO. "[R]ecordation is a purely ministerial act and does not reflect any determination as to the validity of the document filed or its effect, if any, on the title to a patent or patent application. *Kaempe v. Myers* 367 F.3d 958, 961 (D.C. Cir. 2004); *see also* 37 C.F.R. § 3.54 (2003). Recording the assignment of a patent with the USPTO protects the assignee by providing notice of the transfer to subsequent bona fide purchasers or mortgagees, but it is not required to render an assignment a valid transfer of title. *See* 35 U.S.C. § 261; *see also Rhone Poulenc Agro, S.A. v. DeKalb Genetics Corp.*, 284 F.3d 1323, 1327 (Fed. Cir. 2002). Therefore, the fact that all of the assignments of the '057 and '362 patents have not been recorded in the USPTO is irrelevant, and Sand Dune's implication is baseless. The exhibits attached hereto outline the history of the '057 and '362 patents, and each assignment which eventually led to the ownership by assignment of Typhoon.

**IV. Conclusion**

Based upon the foregoing, the Plaintiffs have clearly established that they have standing to sue for Sand Dune's infringement of the '057 and '362 patents; therefore, the Court has subject matter jurisdiction. Sand Dune cannot recite any facts or authority to the contrary. Consequently, this Court should deny Sand Dune's motion in its entirety.

Dated: May 27, 2008                               Respectfully submitted,

                                                             /s/ Trey Yarbrough
                                                             Trey Yarbrough
                                                             Bar No. 22133500

---

Touch Technologies, Inc., as alleged therein." *See* Motion to Dismiss at 3 (emphasis in original).

YARBROUGH ♦ WILCOX, PLLC
100 E. Ferguson St., Ste. 1015
Tyler, TX 75702
(903) 595-3111
Fax: (903) 595-0191

trey@yw-lawfirm.com

**ATTORNEY FOR PLAINTIFFS**

**TYPHOON TOUCH TECHNOLOGIES, INC. and NOVA MOBILITY SYSTEMS, INC.**

**OF-COUNSEL FOR PLAINTIFFS**
**TYPHOON TOUCH TECHNOLOGIES, INC. and NOVA MOBILITY SYSTEMS, INC.:**

H. Keeto Sabharwal
N.Y. Bar No. 2910453
Sabharwal@blankrome.com

Nirav N. Desai
Virginia Bar No. 72887
Desai@blankrome.com

BLANK ROME LLP
600 New Hampshire Ave., N.W.
Washington, DC 20037
Phone: (202) 772-5932
Fax: (202) 772-5858

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 27th day of May, 2008. All other counsel not deemed to have consented to service in such manner will be served via facsimile transmission and/or first class mail.

/s/ Trey Yarbrough
Trey Yarbrough