IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| Typhoon Touch Technologies, Inc. | § | |
| Nova Mobility Systems, Inc. | § | |
| v. | § | Case No. 6:07-cv-546-LED |
| Dell, Inc., | § | Jury Demanded |
| Xplore Technologies Corporation | § | |
| Of America, | § | |
| Electrovaya Inc. | § | |
| Sand Dune Ventures, Inc. | § | |

**DEFENDANT SAND DUNE VENTURES, INC.'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT FOR PATENT
INFRINGEMENT FOR LACK OF SUBJECT MATTER JURISDICTION DUE TO
PLAINTIFFS' LACK OF STANDING**

COMES NOW Defendant, Sand Dune Ventures, Inc. ("Sand Dune"), by and through

undersigned counsel and pursuant to Fed.R.Civ.P. 12(b)(1), and files its Reply in Support of Its

Motion to Dismiss Plaintiffs' First Amended Complaint, and states as follows:

## I.    INTRODUCTION AND SUMMARY OF ARGUMENT.

Plaintiffs, Typhoon Touch Technologies, Inc. ("Typhoon") and Nova Mobility Systems,

Inc. ("Nova"), have failed to establish a chain of title of U.S. Patent Nos. 5,379,057 and

5,675,362 (hereinafter, collectively, "the patents-in-suit") to Plaintiffs.    Rather, Plaintiffs'

Opposition summarily concludes that "the exhibits attached to this Opposition unequivocally

establish the Plaintiffs' irrefutable standing to sue Sand Dune for patent infringement." [D.E. 53,

p. 9][1].  However, the documentation provided by Plaintiffs in support of their Opposition [D.E.

53-2 to 53-14] simply raise more questions, rather than providing answers, with regard to exactly

what rights in the patents-in-suit may have been transferred and to whom, and do not, as

Plaintiffs claim, "unequivocally establish" a chain of title to the patents-in-suit.

---

[1] Documents previously of record are cited by corresponding Docket Entry Number [D.E. #],
and page numbers correspond to docket entry pagination, <u>not</u> the filed document pagination.

1

Specifically, in addition to the simple fact that in the litany of documents presented by Plaintiffs' there is simply no transfer of "patent" rights between two of the entities purported to be in the chain, the documents presented by Plaintiffs in their Opposition are not clear and concise patent assignments, do not specifically identify either of the patents-in-suit, and/or, most importantly, fail to identify what "patent" rights, if any, were to have been transferred. Plaintiffs identify a series of indefinite and/or ambiguous transactions including, among others, a hypothec recorded in Quebec, Canada [D.E. 53-3], which Plaintiffs admit is nothing more than a "secured interest" [D.E. 53, pp. 4-5], a deed of assignment of the hypothec and a "Loan Agreement" which Plaintiffs failed to attach [D.E. 53-6], a purchase of shares agreement [D.E. 53-7], and a deed of voluntary surrender of property charged under the hypothec [D.E. 53-9]. Thus, even if Plaintiffs overcome the glaring deficiencies and discrepancies pointed out herein, the documents purporting to transfer title to the patents-in-suit to Plaintiffs must be interpreted in light of the laws of the various jurisdictions in which they were executed, and as such, experts in these jurisdictions will need to be consulted to determine exactly what "patent" rights, if any, were transferred. Plaintiffs, however, offer no construction or interpretation, and instead simply ask this Court to conclude that the various transactions have, somehow, conferred title to the patents-in-suit to Typhoon. Furthermore, agreements have been executed by incorrect entities, which Plaintiffs dismiss as a "typographical" error [D.E. 53, p. 6, fn. 3], and, in at least one instance, an agreement is with a non-existent entity, i.e., Nova Mobility Solutions Ltd. [D.E. 53-11, p.1].

Although the burden to establish standing is undoubtedly placed on Plaintiffs – having invoked the Court's jurisdiction – Plaintiffs erroneously attempt to place this burden on Sand Dune. Despite the series of convoluted and indefinite transactions, Plaintiffs repeatedly and brazenly accuse Sand Dune of undertaking an "inadequate," "superficial" and "incomplete"

factual investigation regarding the chain of title to the patents-in-suit. Yet, Plaintiffs admit that "not all of the documents attached hereto in support of a [purportedly] clear chain of title are a matter of public record" [D.E. 53, p. 8, fn. 4], and, as stated above, have failed to attach several key agreements to their Opposition, e.g., the aforementioned "Loan Agreement."

Plaintiffs also unjustifiably accuse Sand Dune of filing a frivolous Motion claiming that Sand Dune should have "realized there is more to the chain of title story than revealed by a cursory review of the USPTO's voluntary assignment recordation database (and, probably, not have filed this Motion to Dismiss)." [D.E. 53, p. 3]. If the chain of title to the patents-in-suit were so clear cut, Plaintiffs would have presented facts in support thereof in the First Amended Complaint [D.E. 35]. Plaintiffs, however, alleged no such facts nor attached any documentation to their First Amended Complaint, likely due to the fact that the documentation they have just now provided with their Opposition fails to establish a clear chain of title to the patents-in-suit.

Also despite the existence of the series of complicated, ambiguous and foreign transactions, Plaintiffs have faulted Sand Dune for questioning the chain of title "story" and expect Sand Dune and the Court to accept the allegations in the Amended Complaint asserting ownership of the patents as true. Contrary to Plaintiffs' wishful thinking, when a factual attack is made as to the factual allegations in the complaint, the allegations are not presumed to be true.

Lastly, Plaintiffs mischaracterize arguments in Sand Dune's Motion regarding the recordation of assignments with the United States Patent and Trademark Office ("USPTO") claiming that "Sand Dune's entire argument against standing rests upon a fundamental misunderstanding (or mischaracterization) of the law." [D.E. 53, p. 2]. Contrary to Plaintiffs' claim, Sand Dune did not argue that Typhoon does not have title to the patents-in-suit merely because all of the purported assignments in the chain of title were not recorded with the USPTO.

Rather, Sand Dune clearly and properly argued that the records obtained from the USPTO refute Plaintiffs' allegations in the Amended Complaint that Typhoon Touch is the "owner by assignment" of the patents-in-suit. [D.E. 51, p. 4]. Sand Dune never suggested that a party must record an assignment with the USPTO in order to obtain valid title.

As discussed below, Plaintiffs have not met their burden in establishing ownership to the patents-in-suit. Absent ownership on the date this action was filed, Plaintiffs do not have standing to bring the present action, and, the Court should dismiss this action with prejudice.

## II.    ARGUMENT.

### A.    Plaintiffs' Allegations of Ownership in the Amended Complaint Are Insufficient To Establish Standing Because Sand Dune's Motion To Dismiss Pursuant To Fed.R.Civ.P. 12(b)(1) Presents A Factual Attack.

Plaintiffs argue that the allegations in the Amended Complaint, which allege that Typhoon Touch is the "owner by assignment of the '057 and '362 patents" [D.E. 35, ¶13] and that "Nova Mobility" is the "exclusive licensee of all rights to make, use, and sell the patents-in-suit" [D.E. 35, ¶14], are sufficient to establish standing. Plaintiffs' argument is misplaced.

Sand Dune's Motion to Dismiss [D.E. 51] is not simply a facial challenge to Plaintiffs' allegation of jurisdiction, rather, the motion clearly disputes the factual basis of the allegations on which Plaintiffs would establish jurisdiction over this case. If a Rule 12(b)(1) motion denies or controverts the pleader's allegations of jurisdiction, as here, the movant is deemed to be challenging the factual basis for the court's subject matter jurisdiction. Trentacosta v. Frontier Pac. Aircraft Indus., Inc., 813 F.2d 1553, 1558-59 (9th Cir. 1987); 5A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1363, at 456-57 (1990). When a factual attack is made, as in the present case, no presumption of truthfulness attaches to the plaintiff's allegations and only uncontroverted factual allegations are accepted as true for purposes of the

motion.  See Williamson v. Tucker, 645 F.2d 404, 412-13 (5th Cir. 1981); KVOS, Inc. v.

Associated Press, 299 U.S. 269, 277-79 (1936).

In a motion to dismiss challenging the court's jurisdiction, the district court may engage

in fact-finding and "may dismiss a facially sufficient complaint for lack of subject-matter

jurisdiction if the court finds, based on affidavits or other evidence outside the complaint, that

the asserted basis for federal jurisdiction is not sufficient." TM Patents, L.P. v. IBM, 121 F.

Supp. 2d 349 (S.D.N.Y. 2000).

Plaintiffs cite McZeal v. Sprint Nextel Corp., 501 F.3d 1354, 1357-58 (Fed, Cir. 2007)

and InternetAd Systems LLC v. Opodo Ltd., 481 F. Supp. 2d 596, 604 (N.D. Tex. 2007) in

support of their argument that the allegations in their Amended Complaint are sufficient to

establish standing.  However, both of those cases are in the context of a motion to dismiss for

failure to state a claim under Rule 12(b)(6) and not a factual attack under 12(b)(1), as here.

**B.      Plaintiffs Have the Burden to Establish Ownership of the Patents-in-Suit.**

The burden of establishing valid title does not shift to Sand Dune just because it raised

the jurisdictional issue. See Cedars-Sinai Med. Ctr. v. Watkins, 11 F.3d 1573, 1583-84 (Fed. Cir.

1993).    When a factual attack is made, the plaintiff "has the burden of proving by a

preponderance of the evidence that the trial court does have subject matter jurisdiction." Digital

Packing Licensing, Inc. v. AT&T, 2006 U.S. Dist. LEXIS 9518 at *6-7 (N.D. Tex. 2006) (citing

Paterson v. Weinberger, 644 F.2d 521, 523 (5th Cir. 1981)); see also Middle South Energy, Inc.

v. City of New Orleans, 800 F.2d 488, 490 (5th Cir. 1986).

**C.      Plaintiffs Have Not Met their Burden in Establishing Ownership of the
         Patents-in-Suit.**

The documents attached to Plaintiffs' Opposition fail to establish a chain of title of either

of the patents-in-suit from the original owners, i.e., the co-inventors and applicants, to either

Plaintiff. Specifically, the documents fail to establish a transfer of property between two of the entities in the purported chain of title, namely Channel USA and Guardian. Further, and as noted above, the various agreements now provided by Plaintiffs must be interpreted in light of Canadian law, international law, and/or the laws of the various states of the United States in which the purported transfers were executed, in order to determine exactly what "patent" rights, if any, were assigned by virtue of the various agreements. Without engaging in any analysis as to exactly what "patent" rights were purportedly transferred by virtue of these various agreements, Plaintiffs merely conclude that "[a]s evident from the history of the assignments of the patents-in-suit, Typhoon is the rightful owner by assignment of the patents, as alleged in the Amended Complaint, and Nova Mobility is the exclusive licensee of the patents-in-suit, as further alleged in the Amended Complaint." [D.E. 53, p. 6].

Moreover, with respect to a clear gap in the chain of title, Plaintiffs conspicuously gloss over the point stating that "Guardian Technologies took possession of the property as a result of the Purchase of Shares Agreement of December 21, 2005," [D.E. 53-5, ¶7], never addressing the lack of any agreement to transfer any property from Channel USA to Guardian, either before or after the transfer of property from Microslate to Channel USA, which occurred after the referenced "Purchase of Shares Agreement."

1. A Security Interest Does Not Transfer Title.

A number of the documents Plaintiffs provided in support of their allegation of proper title to the patent-in-suit, are not transfers of title to the patents. Rather, they are merely transfers of a *security interest*, which does not of itself, transfer any property rights, i.e., "patent" rights.

Under the patent law of the United States, an "assignment" involves the transfer of title. See Rite-Hite Corp. v. Kelley Co., 56 F.3d 1538, 1551 (Fed. Cir. 1995); Public Varieties of

6

Miss., Inc. v. Sun Valley Seed Co., 734 F.Supp. 250, 252 (N.D. Miss. 1990) ("assignment is defined as a conveyance which transfers the entire bundle of common law rights residing in a patent"). An assignment must be a transfer with the clear intent at the time to part with the legal interest in the patent. An instrument which does not purport to convey a present interest in a patent is not an assignment within the statute. Rhodes-Hochriem Mfg. Co. v. Int'l Ticket Scale Corp., 57 F.2d 713, 714 (D. Del. 1932).

The grant of a security interest is <u>not</u> a conveyance of a present ownership right in the patent and does not constitute an assignment. See, e.g., In re Transportation Design & Technology, Inc., 48 B.R. 635, 639-640 (Bankr. S.D. Cal. 1985); Minerals Separation, Ltd. v. Miami Copper Co., 275 F. 572 (D. Del. 1921); see also In re Roman Cleanser Co., 43 B.R. 940 (Bankr. E.D. Mich. 1984) aff'd, 802 F.2d 207 (6th Cir. 1986) ("An 'assignment' of a trademark is an absolute transfer of the entire right, title and interest to the trademark . . . . The grant of a security interest is not such a transfer. It is merely what the term suggests, a device to secure an indebtedness. It is a mere agreement to assign in the event of a default by the debtor.").

Plaintiffs erroneously conclude that "Guardian Technologies took possession of the property as a result of the Purchase of Shares Agreement of December 21, 2005." Declaration of George Ecker [D.E. 53-5, ¶7]. However, at most, Guardian received a <u>security interest</u>, not a property interest, as the following series of transactions demonstrate:

- On November 21, 2005, Channel Analytics, Ltd. of Canada ("Channel Canada") executed a Deed of Assignment to assign and transfer to Channel Analytics, Ltd. of Delaware ("Channel USA") "all its rights, titles and interests in the Loan Agreement . . . and . . . Movable Hypothec." [D.E. 53-6].

- On December 21, 2005, Channel USA executed a "Purchase of Shares Agreement" selling Guardian Technologies ("Guardian") "all rights, title and privileges as may be held and realized by Channel by the attached Deed of Assignment." Specifically, Channel USA purportedly sold its rights in the loan agreement and hypothec, i.e., a <u>security interest</u>, for shares in Guardian.

- A mere two days later, on December 23, 2005, Microslate, and its Trustee in bankruptcy executed a Deed of Voluntary Surrender in the Canadian bankruptcy court, of the "charged property" to Channel USA. (D.E. 53-9). The Deed of Voluntary Surrender attached to Plaintiffs' Opposition references a Schedule "B", which was not attached.

Based on these transactions, Plaintiffs have failed to identify or establish assignment of any of the "charged property" voluntarily surrendered by Microslate to Channel USA to Guardian, or any other party. The only transfer of the "charged property" demonstrated on the record occurred on December 23, 2005 when Microslate voluntarily surrendered the "Charged Property". See, e.g., Thomas v. Tomco Acquisitions, Inc., 776 F. Supp. 431 (E.D. Wis. 1991) (valid patent assignment occurred only upon security agreement and voluntary surrender of the patents). The Purchase of Shares Agreement between Channel USA and Guardian on December 21, 2005, a mere two days earlier, at best, only transferred Channel USA's rights in the loan agreement and hypothec, once again, merely a security interest. Plaintiffs have, thus, failed to identify or establish any transfer of property from Channel USA to Guardian, because Microslate had not yet voluntarily surrendered any property to Channel USA at the time of this transaction. As such, on December 21, 2005, Channel USA did not possess any property to transfer. Therefore, any patent rights that may have transferred reside with Channel USA, not Guardian. Further, each transaction between Guardian/Nova and third parties thereafter, at most transferred a security interest, as that is all that Guardian received from Channel USA.

Moreover, even if the transfer of a security interest from Channel USA to Guardian were somehow deemed to constitute a transfer of property rights in the patents-in-suit, Channel USA did not have possession of the property at that time to transfer to Guardian, and such, still fails to establish a chain of title.

Further, as the property transfer to Channel USA appears to be based upon a mistake in

understanding that Channel USA still retained the security interest, it is also questionable if Channel USA was actually entitled to receive any of the "charged property" voluntarily surrendered by Microslate due to Channel USA's December 21, 2005 transaction transferring the security interest to Guardian. In this case, then Microslate still retains title to the patents-in-suit.

2.      Other Deficiencies.

As previously stated, most of the documents attached to Plaintiffs' Opposition which purport to transfer rights to the patents-in-suit, such as: (1) the hypothec [D.E. 53-3] which purportedly secured the Loan Agreement between Microslate and Channel Canada; (2) the Deed of Assignment from Channel Canada to Channel USA [D.E. 53-6]; (3) the Deed of Voluntary Surrender [D.E. 53-9]; and (4) the Patent Rights Purchase Agreement [D.E. 53-13], fail to so much as identify either of the patents-in-suit.

Further, Plaintiffs failed to attach a copy of the "Loan Agreement" between Microslate and Channel Canada, purportedly executed on October 29, 2004, to their Opposition. Plaintiffs did not include a copy of Schedule "A" to the Asset Purchase Agreement dated January 28, 2006 between Nova Mobility Solutions, Inc., a Nevada corporation, and Nova Mobility Solutions Ltd., a Delaware corporation, an unknown and/or non-existent entity, purportedly including a description of all patents owned or used by Nova Mobility Solutions, Ltd. Similarly, Plaintiffs failed to include a copy of Schedule "A" to the Patent Rights Purchase Agreement entered June 4, 2007 between Nova Mobility Systems, Inc.[2], and Typhoon Tunes, Inc., which purportedly includes a description of "the Patent Rights in Seller's Current Product Line."

Finally, the Exclusive Patent License Agreement [D.E. 53-14] was executed by and

---

[2]  It is uncertain whether this Agreement was executed by the Delaware entity or the Nevada entity sharing the same name, further calling into question Plaintiffs assertion "the exhibits attached to this Opposition unequivocally establish the Plaintiffs' irrefutable standing . . ."

between Typhoon Touch Technologies, Inc. and Nova Mobility Systems, Inc., a <u>Delaware</u> corporation, i.e., <u>not</u> Plaintiff, Nova Mobility Systems, Inc., a <u>Nevada</u> corporation. However, as with the entirety of convoluted, indefinite, and ambiguous transactions which Plaintiffs assert "unequivocally establish" a chain of title to the patents-in-suit to Plaintiffs, Plaintiffs simply state that "Nova Mobility Systems is identified as a Delaware Corporation when, **in fact**, it is a Nevada corporation." [D.E. 53-5, ¶14] (emphasis added). However, the foregoing analysis of the documents presented by Plaintiffs in support of their Opposition to Sand Dune's Motion to Dismiss clearly establishes the **fact** that neither Plaintiff has ever been an assignee of any right, title or interest in the patents-in-suit.

## III.     <u>CONCLUSION</u>.

Based on the foregoing, it is evident that Plaintiffs have not met their burden in establishing that Typhoon or Nova ever had legal title to either of the patents-in-suit, including at the time Plaintiffs filed suit, and therefore, Plaintiffs lack standing to bring the present action.

**WHEREFORE**, Defendant, Sand Dune Ventures, Inc., respectfully requests that this Court dismiss Plaintiffs' Amended Complaint with prejudice for lack of subject matter jurisdiction due to Plaintiffs' lack of standing and such further relief the Court deems just and proper.

Dated:  June 16, 2008                                      Respectfully submitted,

                                                                          By: */s/ Michael E. Jones*
                                                                          John Cyril Malloy, III (Lead Counsel)
                                                                          Florida Bar No. 964,220
                                                                          jcmalloy@malloylaw.com
                                                                          Malloy & Malloy, P.A.
                                                                          Miami, Florida 33129
                                                                          Tel: 305-858-8000
                                                                          Fax: 305-858-0008

Michael E. Jones
State Bar No. 10929400
Allen F. Gardner
State Bar No. 24043679
POTTER MINTON
A Professional Corporation
110 N. College, Suite 500 (75702)
P. O. Box 359
Tyler, Texas 75710
(903) 597 8311
(903) 593 0846 (Facsimile)
mikejones@potterminton.com
allengardner@potterminton.com

ATTORNEYS FOR DEFENDANT
SAND DUNE VENTURES, INC


## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 16th day of June, 2008. Any other counsel of record will be served by first class U.S. mail on this same date.

*/s/ Michael E. Jones*
Michael E. Jones