## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| TYPHOON TOUCH TECHNOLOGIES, INC. and NOVA MOBILITY SYSTEMS, INC., | § § § § | |
| Plaintiffs, | § § § | |
| v. | § § | Civil Action No. 6:07cv546 |
| DELL, INC., XPLORE TECHNOLOGIES CORPORATION OF AMERICA, ELECTROVAYA INC., and SAND DUNE VENTURES, INC. | § § § § § § | |
| Defendants. | § § | |

## PLAINTIFFS' SUR-REPLY IN SUPPORT OF ITS OPPOSITION TO DEFENDANT SAND DUNE VENTURES, INC.'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT FOR LACK OF SUBJECT MATTER JURISDICTION DUE TO PLAINTIFFS' LACK OF STANDING

Plaintiffs, Typhoon Touch Technologies, Inc. ("Typhoon") and Nova Mobility Systems, Inc. ("Nova Mobility"), hereby respond to Defendant Sand Dune Ventures, Inc.'s ("Sand Dune" or "Defendant") Reply in Support ("Reply") of Its Motion to Dismiss Plaintiffs' First Amended Complaint for Patent Infringement for Lack of Subject Matter Jurisdiction Due to Plaintiffs' Lack of Standing ("Motion to Dismiss"). For the reasons set forth below, Sand Dune's Motion to Dismiss should be denied in its entirety.

### I. SAND DUNE'S OWN ACTIONS AND ADMISSIONS COMPEL DENIAL OF ITS MOTION TO DISMISS

Apparently recognizing that its Motion to Dismiss lacks merit, Sand Dunes repeatedly sought to **withdraw** its Motion to Dismiss after receiving Typhoon's Opposition brief because, according to Sand Dune, the chain of title "is a rather extensive and convoluted morass of transfers and proceedings, which would require at least some discovery to fully vet." *See* Exh. 1:

Matos Ltr to Sabharwal, June 6, 2008, at 7. Then, after Typhoon refused to consent to Sand Dune's withdrawal, counsel for Sand Dune pointed out some alleged deficiencies in Typhoon's chain of title, and stated that "Therefore, and in light of the fact that Plaintiffs have declined our client's offer to withdraw the present motion without prejudice, our client has little choice but to point out of [sic] the above-noted discrepancies and **seek leave for immediate discovery related to these issues** in its Reply." Exh. 2: Matos Ltr to Sabharwal, June 12, 2008, at 2. Sand Dune's written correspondence to Typhoon (which are noticeably absent from its Reply brief) as well as its admissions in its Reply brief compel denial of the instant Motion to Dismiss.

As this Court has stated, motions to dismiss are granted only when the claimant "can prove no set of facts in support of its claims that would entitle it to relief." *Virnetx, Inc. v. Microsoft*, No. 6:07cv80 at 2 (E.D. Tex. June 4, 2008) (citing *Home Builders Ass'n of Miss., Inc. v. Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir.1998). In this case, Sand Dune itself has already repeatedly admitted that factual issues exist which preclude the granting of its own Motion to Dismiss. Thus, even viewed in a light most favorable to Sand Dune, its Motion to Dismiss must be denied.

Notwithstanding this, the sole "factual issue" upon which Sand Dune is now forced to rely (after receiving Typhoon's Opposition brief) is nothing more than a straw-man argument regarding a single transaction in the chain of title. Notably, Sand Dune has not submitted any of the necessary affidavits, evidence or legal precedent to support its allegation that this transaction was invalid or illegitimate. Nevertheless, in an effort to dispose of this futile Motion, Typhoon has, once again, proffered affidavits and declarations to demonstrate once and for all that all links in the chain of title are valid and legitimate.

## II. PLAINTIFFS HAVE ESTABLISHED THE CHAIN OF TITLE OF THE PATENTS-IN-SUIT AND DEFENDANT HAS FAILED TO NULLIFY ANY LINK IN THE CHAIN

Defendant argues that it has made a factual challenge of the chain of title, and yet,

Defendant has adduced no facts or evidence to support a break in the chain of title as required.

*Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981) (A defendant makes a factual attack

by providing "affidavits, testimony, or other evidentiary materials..."). While Plaintiffs disagree

that Defendant's motion is anything more than a facial attack on title, and therefore should be

dismissed on the basis of the allegations made on the face of the Complaint (which are presumed

true),[1] out of an abundance of caution, Plaintiffs address Defendant's arguments.

The chain of title of the patents-in-suit is simple. The inventors assigned their rights in

the patents to their employer, Microslate, Inc. Microslate declared bankruptcy and, by deed of

voluntary surrender, all of Microslate's assets, including the patents-in-suit, were turned over to

Guardian Technologies pursuant to a Hypothec, or security interest, then held by Guardian.[2]

Guardian later became Nova Mobility Solutions, Inc. of Delaware and subsequently sold the

patents-in-suit to Plaintiff Nova Mobility Solutions, Inc. of Nevada. As part of that transaction,

Mr. George Ecker became a majority shareholder in Plaintiff Nova Mobility Solutions, Inc. of

Nevada. Plaintiff Nova Mobility sold the patents to the Plaintiff entity now known as Typhoon

---

[1] Defendant incorrectly distinguishes *McZeal* and *InternetAd Systems* stating "both of those cases are in the context of a motion to dismiss for failure to state a claim under Rule 12(b)(6) and not a factual attack under 12(b)(1). In actuality, "Courts analyze Rule 12(b)(1) motions to dismiss under the same standard as a motion to dismiss under Rule 12(b)(6). *Virnetx, Inc.*, No. 6:07cv80 at 2.

[2] Channel Analytics, Canada, Channel Analytics, USA, and Guardian Technologies, each at one time prior to the Microslate bankruptcy, was the holder of the security interest in Microslate's assets. At the time of the bankruptcy, Guardian was the holder. George Ecker was the sole or majority shareholder of each of these three entities and has declared that the security interest was transferred between the entities according to his intent and comports with the chain of events described in the Opposition.

Touch Technologies, Inc. and subsequently took a license back from Typhoon. Thereafter, the instant lawsuit was filed.[3]

Sand Dune spends much of its brief mischaracterizing the chain of title by arguing that the security interest held by Guardian does not transfer title. At no point, however, did Typhoon state that a security interest alone has effected a transfer of title. Indeed, as described in Plaintiffs' Opposition, it is the security interest *in combination with* the subsequent disposition of assets pursuant to the Microslate bankruptcy and the Deed of Voluntary Surrender that effected the transfer of title to Guardian Technologies. Defendant does not, and cannot, cite any authority in any jurisdiction to support its assertion that patent ownership may not transfer by deed of voluntary surrender pursuant to a security interest. Thus, much of Sand Dune's Reply brief should be rejected because it relies upon an irrelevant straw-man argument.

Notably, Defendant persists with the argument that ownership is lacking without having conducted any further investigation in light of the documents provided. It is not enough for Defendant to suggest baldly that documents provided by Plaintiffs "simply raise more questions," particularly with no investigation or submission of evidence of its own. Instead of making a showing that an agreement is invalid, Defendant only states ominously that "the various agreements now provided by Plaintiffs must be interpreted in light of Canadian law, international law, and/or the laws of the various states of the United States in which the purported transfers were executed," a statement that, if true, undermines Defendant's entire Motion and would only warrant dismissal of the Motion to Dismiss to allow for discovery. Reply at 6.

---

[3] The facts recited are established by the declarations attached to Plaintiffs' Opposition at Exhs. 1 and 2 and the supporting documents attached to the declarations.

Indeed, Defendant is forced to hang its hat on mere typographical errors[4] in the particular

documents submitted by Plaintiffs; documents which, in actuality, are transfers among entities

controlled by a single person, George Ecker. Mr. Ecker has already declared generally regarding

the transactions, and now declares with particularity regarding the purported "gap" between

Channel USA and Guardian Technologies, that transfers among the entities he controlled

occurred as recounted in Plaintiffs' Opposition. *See* Exh. 3: Declaration of G. Ecker; Exh. 2 to

Plaintiffs' Opposition, Declaration of G. Ecker. In determining whether an agreement confers

standing on the transferee, courts focus on "the substance of the transferred patent rights ***and the***

***parties' intentions.***" *Virnetx, Inc.*, No. 6:07cv80 at 4 (citing *Vaupel Textilmaschinen KG v.*

*Meccanica Euro Italia Spa*, 944 F.2d 870, 875 (Fed. Cir. 1991) (Davis, J.); *Intellectual Prop.*

*Dev.. Inc. v. TCI Cablevision of Cal., Inc.*, 248 F.3d 1333, 1342 (Fed. Cir. 2001); *Propat Int'l*

*Corp. v. RPost US, Inc.*, 473 F.3d 1187, 1189-90 (Fed. Cir. 2007) (emphasis added). While these

typographical errors are unfortunate, Defendant does not even attempt to argue or provide case

law to support that such errors render the agreements invalid and create a break in the chain of

title. Indeed, as George Ecker was the sole shareholder of both Channel USA and Guardian

Technologies, Defendant likely realizes the futility of any argument that the intent of the parties

was not as recounted in Plaintiffs Opposition and the Declarations of Mr. Ecker.

---

[4] One error, the state of incorporation of Plaintiff Nova Mobility, is explained in the Declaration of George Ecker as typographical. *See* Exh. 2 to Plaintiffs' Opposition. Declaration of G. Ecker at ¶ 14. The other error, the reference to Nova Mobility Solutions, *LTD* as opposed to Nova Mobility Solutions, *Inc.* in the Asset Purchase Agreement. is clearly typographical in nature as the signature page contains the correct entity name, Nova Mobility Solutions, Inc. See Exh. 2-F to Plaintiffs' Opposition, at 18. Nevertheless, Mr. Ecker now further declares under penalty of perjury that the reference to LTD was typographical and should read Inc. See Exh. 3, Declaration of G. Ecker at ¶ 6.

## III. SAND DUNE'S CALL FOR ADDITIONAL DOCUMENTS AND EXPERTS IS IRRELEVANT AND MERELY AN ATTEMPT TO DELAY THIS CASE

Defendant's insistence on the necessity of Schedules to documents, irrelevant ancillary documents, and consultation with a multitude of experts from various jurisdictions are merely a last ditch effort to save face over an ill-advised motion.

Defendant argues that Schedule "B" to the Deed of Voluntary Surrender has not been provided and there is no recitation of what rights have been transferred and, as a result, transfer of title to the patents has not been established. Inexplicably, Defendant ignores the plain language of the Deed of Voluntary Surrender wherein the definition of Charged Property is recited as:

> (the "Charged Property") consists of the universality of all of the Grantor's movable property, present and future, corporeal and incorporeal, of whatsoever nature or kind and wherever situated, including without limitation: ...
> 1.3 Intellectual Property
> *The universality of property consisting of all intellectual property rights of every nature whatsoever*, including without limitation all ... patents, whether or not registered, including the intellectual property, if any, described in Schedule "A".

Exh. 2-D to Plaintiffs' Opposition at 2-3 (emphasis added). The language referencing Schedule "B" is equally clear, reciting: *"Without limiting the generality of the hereinabove description*, the Charged Property *also includes* the assets listed in Schedule "B" attached to the present deed." *Id.* at 6. As the patents-in-suit are recited *by patent number* as assets of Microslate in the accounting inventory undertaken and reported in the JPM Asset Valuation Report at the time of the bankruptcy,[5] the Deed of Voluntary Surrender *on its face* transfers all intellectual property

---

[5] *See* Exh. 2-C to Plaintiffs' Opposition at page 104.

rights, and any assets in Schedule "B" are explicitly *also* included, it is unclear what further explanation or reprieve Defendant hopes to find in Schedule "B".

Similarly, Defendant's clamor for Schedule "A" to the Asset Purchase Agreement is equally puzzling given that the assets purchased pursuant to the agreement are clearly defined in several places *on the face of the document* as the assets listed in the JPM Asset Valuation Report. *See* Exh. 2-F to Plaintiffs' Opposition at page 1, ¶ 1.1(b) and (c), page 8, ¶ (25). The Asset Purchase Agreement and the Asset Valuation Report together effect the transfer of title of the patents-in-suit and, again, the contents of Schedule "A" are not relevant. While Defendant does not provide any supporting authority for the proposition that this, or any transaction, did not take place as recited above, Mr. Ecker has declared, again, under penalty of perjury that his intent in executing this agreement was that the patents-in-suit be transferred to Nova Mobility Solutions, Inc. of Nevada. *See* Exh. 3: Declaration of G. Ecker at ¶¶ 9-10.

Finally, Defendant questions whether experts from Canada must be consulted to determine whether the patents-in-suit have transferred pursuant to the Microslate bankruptcy proceeding as recounted in Plaintiffs' Opposition. Not surprisingly, Defendant again merely questions, as opposed to investigating in any attempt to nullify a link in the chain of title. Nevertheless, attached hereto as Exhibit 4 is the Declaration of Stéphane Lachance, trustee to the Microslate bankruptcy proceedings and signatory to the Deed of Voluntary Surrender attached to his declaration as Exhibit 4-A and previously attached to Plaintiffs' Opposition as Exh 2-D. Mr. Lachance declares that the patents-in-suit were part of the Microslate estate as described in the Asset Valuation Report attached to his declaration as Exhibit 4-B and previously attached to Plaintiffs' Opposition as Exhibit 2-C. Mr. Lachance further declares that the bankruptcy

7

proceedings resulted in the disposition of all Microslate assets, including the patents-in-suit, to

Channel USA. *See* Exh. 4: Declaration of S. Lachance.

## IV. CONCLUSION

The bottom line is this: even if Sand Dune's so-called evidence and arguments were

taken as true, at best, the questions raised would still mandate denial of its Motion to Dismiss so

that discovery may be taken. Defendant clearly recognizes this fact, as evidenced in the

correspondence received by counsel for Plaintiffs from counsel for Defendant. *See* Exh. 1; Exh.

2.

> [Plaintiffs] must only demonstrate facts which support a finding of jurisdiction
> in order to avoid a motion to dismiss. In other words, to satisfy the *prima facie*
> requirement, the plaintiff must provide sufficient evidence to create a genuine
> issue of material fact as to the jurisdictional facts in question. Thus, *dismissal*
> for lack of subject matter jurisdiction is proper herein *only if* there is no genuine
> issue of material fact as to the jurisdictional facts, and the defendant has
> demonstrated that subject matter jurisdiction does not exist, as a matter of law.

*Rapier v. Union City Non-Ferrous, Inc.*, 197 F. Supp. 2d 1008, 1012 (S.D. Ohio

2002) (internal quotations omitted).

As set forth above, motions to dismiss are customarily only granted when the claimant "can

prove no set of facts in support of its claims that would entitle it to relief." *Virnetx, Inc.*, No.

6:07cv80 at 2 (citing *Home Builders Ass'n of Miss., Inc. v. Madison, Miss.*, 143 F.3d 1006, 1010

(5th Cir.1998)); *see also Bombardier Aero. Emple. Welfare Benefits Plan v. Ferrer, Poirot &

Wansbrough, P.C.*, 354 F.3d 348, 351 (5th Cir. 2003). Typhoon has proffered sufficient

evidence to establish a continuous, valid and legitimate chain which Sand Dune has failed to

rebut with any counter evidence, affidavits or legal authority. Sand Dune's straw-man argument

and its vague allegations of jurisdictional/expert discovery cannot salvage these fatal omissions.

Consequently, this Court should deny Sand Dune's Motion to Dismiss in its entirety.

Dated:  June 23, 2008                                Respectfully submitted,


                                                     /s/ Michael J. Truncale
                                                     Michael J. Truncale
                                                     Texas Bar No. 20258125
                                                     Orgain, Bell & Tucker, LLP
                                                     470 Orleans
                                                     P.O. Box 1751
                                                     Beaumont, Texas  77704
                                                     Phone:  (409) 838-6415
                                                     Fax:  (409) 838-6959
                                                     *mjt@obt.com*


                                                     **ATTORNEY FOR PLAINTIFFS**

                                                     **TYPHOON TOUCH TECHNOLOGIES,
                                                     INC. and NOVA MOBILITY SYSTEMS,
                                                     INC.**

**OF-COUNSEL FOR PLAINTIFFS
TYPHOON TOUCH TECHNOLOGIES, INC. and NOVA MOBILITY SYSTEMS, INC.:**

H. Keeto Sabharwal
N.Y. Bar No. 2910453
Sabharwal@blankrome.com

Nirav N. Desai
Virginia Bar No. 72887
Desai@blankrome.com

BLANK ROME LLP
600 New Hampshire Ave., N.W.
Washington, DC 20037
Phone:  (202) 772-5932
Fax:  (202) 772-5858

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 23rd day of June, 2008. All other counsel not deemed to have consented to service in such manner will be served via facsimile transmission and/or first class mail.

/s/ Michael J. Truncale
Michael J. Truncale