IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| Typhoon Touch Technologies, Inc. | § | |
| Nova Mobility Systems, Inc. | § | |
| | § | |
| v. | § | Case No. 6:07-cv-546-LED |
| | § | Jury Demanded |
| Dell, Inc., | § | |
| Xplore Technologies Corporation | § | |
| Of America, | § | |
| Sand Dune Ventures, Inc. | § | |
| Fujitsu Computer Systems Corporation | § | |
| Toshiba America Information Systems, Inc. | § | |
| Lenovo (United States), Inc. | § | |
| Panasonic Corporation of North America | § | |
| Apple, Inc. | § | |
| HTC America, Inc. | § | |
| Palm, Inc., | § | |
| Samsung Electronics America, Inc., | § | |
| Nokia, Inc., and | § | |
| LG Electronics USA, Inc. | § | |

**DEFENDANT SAND DUNE VENTURES, INC.'S RESPONSE TO PLAINTIFFS' SUR-REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT FOR LACK OF SUBJECT MATTER <u>JURISDICTION DUE TO PLAINTIFFS' LACK OF STANDING</u>**

COMES NOW Defendant, Sand Dune Ventures, Inc. ("Sand Dune"), by and through undersigned counsel, and hereby files its Response to Plaintiffs' Sur-Reply in Support of its Motion to Dismiss Plaintiffs' First Amended Complaint for Patent Infringement for Lack of Subject Matter Jurisdiction Due to Plaintiffs' Lack of Standing and states as follows:

Section I of Plaintiffs' Sur-Reply impermissibly: (1) contains arguments that are not limited to the arguments raised in Sand Dune's Reply; (2) references and attaches privileged settlement communications between the parties; and (3) mischaracterizes the parties' communications.

Plaintiffs audaciously claim "[a]pparently recognizing that its Motion to Dismiss lacks

1

merit, Sand Dune repeatedly sought to withdraw its Motion to Dismiss after receiving Typhoon's Opposition brief. . ." (D.E. # 65, p.1) and attached communications to their Sur-Reply that were intended to be confidential settlement communications between the parties (See D.E. # 65, Ex. 1). In their Sur-Reply, Plaintiffs have mischaracterized the parties' communications and settlement discussions in an attempt to claim a factual dispute exists which would warrant the denial of Sand Dune's Motion to Dismiss. Despite Plaintiffs' mischaracterizations, the parties' communications in this regard are irrelevant as the parties cannot stipulate as to whether standing exists as standing is a jurisdictional issue. *See Gaia Techs. v. Reconversion Techs*., 93 F.3d 774, 777 (Fed. Cir. 1998).  However, while Sand Dune questions the appropriateness of Plaintiffs' referencing and attaching the parties' settlement communications, Sand Dune is obliged to clear the record as to the events that transpired surrounding the parties' communications.

A day or two prior to Plaintiffs' deadline to respond to Sand Dune's Motion to Dismiss, Plaintiffs provided Sand Dune with hundreds of pages of documents, which are attached to Plaintiffs' Opposition (D.E. #53), which purportedly evidence Plaintiffs ownership of the patent-in-suit.  However, Sand Dune was not able to adequately review and analyze the hundreds of pages of documents prior to the deadline for Plaintiff to respond to Sand Dune's Motion to Dismiss. Subsequently, upon conducting an initial cursory review of the documents, in an attempt to facilitate settlement negations between the parties but without in any way conceding the validity of its Motion, Sand Dune offered to withdraw its Motion to Dismiss <u>without prejudice</u>, which Plaintiffs subsequently declined.  Indeed, the fact the proposal was conditional upon the withdrawal being without prejudice clearly conveyed the fact that Sand Dune had no intention of conceding the point.  As Plaintiffs were well aware, this offer was made <u>solely</u> for settlement purposes and was in no way an admission that Plaintiffs have standing or that Sand

Dune's Motion to Dismiss lacked merit.

Thereafter, Sand Dune was able to carefully review and analyze the documents provided by Plaintiffs which only confirmed Sand Dune's position that Plaintiffs did not have ownership to the patents-in-suit. Specifically, among other deficiencies, Plaintiffs' documents were still insufficient to establish the transfer of anything more than a security interest to Guardian. Yet, Sand Dune was still willing to promote settlement discussions and sent Plaintiffs another letter outlining the most glaring deficiencies in Plaintiffs' documents and why they did not evidence ownership of the patents-in-suit and stated that it would consider any clarification on the deficiencies that Plaintiffs could provide also suggesting discovery might be helpful. Plaintiffs, however, did not provide any clarification or additional evidence and ceased settlement discussions with Sand Dune. Finally, upon an even further analysis of Plaintiffs' documents, Sand Dune determined that discovery was not in fact needed given the precise lack of transfer of property to Guardian (i.e., that as Stephane Lachance, trustee to the Microslate, Inc.'s bankruptcy proceedings, conceded in his Declaration, the Deed of Voluntary Surrender "effectively surrendered **to Channel Analytics, Ltd**., all property of Microslate in possession of the trustee, including patent Nos. 5,675,362 and 5,679,057" (D.E. # 65, Ex.4-A (emphasis added)) and not to Guardian. Thus, Sand Dune filed its Reply and notably did <u>not</u> request leave to take discovery on the standing issue. Plaintiffs' argument that a factual dispute exists and that Sand Dune has admitted a factual dispute exists is simply a red herring.

Accordingly, as Plaintiffs have repeatedly failed to establish ownership of the patents-in-suit, Plaintiffs' First Amended Complaint[1] should be dismissed with prejudice for lack of subject matter jurisdiction due to Plaintiffs' lack of standing.

---

[1] Sand Dune's Renewed Motion to Dismiss is being filed simultaneously herewith.

**WHEREFORE**, Defendant, Sand Dune Ventures, Inc., respectfully requests that this Court dismiss Plaintiffs' First Amended Complaint with prejudice for lack of subject matter jurisdiction due to Plaintiffs' lack of standing and such further relief the Court deems just and proper.

Dated: July 8, 2008

Respectfully submitted,

By: */s/ Michael E. Jones*
John Cyril Malloy, III
Florida Bar No. 964,220
jcmalloy@malloylaw.com
Malloy & Malloy, P.A.
Miami, Florida 33129
Tel: 305-858-8000
Fax: 305-858-0008

Michael E. Jones
State Bar No. 10929400
Allen F. Gardner
State Bar No. 24043679
POTTER MINTON
A Professional Corporation
110 N. College, Suite 500 (75702)
P. O. Box 359
Tyler, Texas 75710
(903) 597 8311
(903) 593 0846 (Facsimile)
mikejones@potterminton.com
allengardner@potterminton.com

ATTORNEYS FOR DEFENDANT
SAND DUNE VENTURES, INC.

## **CERTIFICATE OF SERVICE**

  I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on July 8, 2008. Any other counsel of record will be served by first class U.S. mail on this same date.

                 */s/ Michael E. Jones*