## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| TYPHOON TOUCH TECHNOLOGIES, INC. and NOVA MOBILITY SYSTEMS, INC., | §<br>§<br>§<br>§ | |
| Plaintiffs, | §<br>§ | |
| v. | §<br>§ | Civil Action No. 6:07cv546 |
| DELL, INC., XPLORE TECHNOLOGIES CORPORATION OF AMERICA, SAND DUNE VENTURES, INC., FUJITSU COMPUTER SYSTEMS CORPORATION, TOSHIBA AMERICA INFORMATION SYSTEMS, INC., LENOVO (UNITED STATES) INC., PANASONIC CORPORATION OF NORTH AMERICA, APPLE INC., HTC AMERICA, INC., PALM, INC., SAMSUNG ELECTRONICS AMERICA, INC., NOKIA INC., AND LG ELECTRONICS USA, INC. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |
| Defendants. | § | Jury Trial Demanded |

**PLAINTIFFS' OPPOSITION TO SAND DUNE'S MOTION FOR LEAVE TO FILE A RESPONSE TO PLAINTIFFS' SUR-REPLY IN SUPPORT OF PLAINTIFFS' OPPOSITION TO SAND DUNE'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION DUE TO PLAINTIFFS' LACK OF STANDING**

Plaintiffs, Typhoon Touch Technologies, Inc. and Nova Mobility Systems, Inc., hereby respond to Defendant Sand Dune Ventures, Inc.'s ("Sand Dune" or "Defendant") Motion for Leave to File a Response to Plaintiffs' Sur-Reply in Support of Plaintiffs' Opposition to Sand Dune's Motion to Dismiss for Lack of Standing ("Motion for Leave" to file a "Response"). For the reasons set forth below, Sand Dune's Motion for Leave should be denied in its entirety.[1]

---

[1] Plaintiffs note that Sand Dune has already filed its Response to Plaintiffs' Sur-Reply without having been granted leave by the Court.

**I.** **Sand Dune's Motion for Leave Does not Rely on a Legitimate Ground for Further Briefing**

Sand Dune asserts that Plaintiffs' Sur-Reply "impermissibly:  (1) contains arguments that are not limited to the arguments raised in Sand Dune's Reply."  However, beyond this opening statement, there is no explanation as to what arguments Plaintiffs made that are beyond the scope of Sand Dune's arguments.

Similarly, Counsel for Sand Dune's characterization of its correspondence as settlement discussions is unsupported and does not warrant further briefing on the matter at hand.  Indeed, Sand Dune provides no authority for its assertions that the communications were "privileged" or that attachment of the communications by Plaintiffs was "impermissible."  No mention is made of Federal Rules of Evidence Rule 408, or any other authority governing settlement discussions, in either the correspondence in question or Sand Dune's motion papers.

Even more puzzling, Counsel for Sand Dune's characterization of its correspondence as settlement communications is contrary to its own client's public statements.  Sand Dune President Martin Smekal has explicitly characterized the correspondence as follows:

> ***We did not and have no intention of entering into settlement talks with Typhoon***.  Yes, our attorney contacted their lawyers to explain our defense; however, Typhoon immediately rejected our claim, and ***we never discussed settlement***.

*See* Exhibit 1: TabletKiosk Blog *Mobility Matters* Post of June 25, 2008 quoting Sand Dune Ventures President Martin Smekal (emphasis added).  Although we do not wish to comment on counsel for Sand Dune's obligation to investigate claims before filing motion papers, it appears that claims made in these Motions are inconsistent with the statements of Counsel's client as

published on the Internet.  Smekal's statement on Sand Dune's corporate blog[2] completely

undercuts counsel for Sand Dune's repeated claim that "Plaintiffs' Sur-Reply impermissibly …

references and attaches privileged settlement communications between the parties" necessitating

further briefing.  Motion for Leave at 1-2.

**II.**     **Sand Dune's Motion for Leave is an Attempt to put a Spin on Statements Made in Correspondence to Plaintiffs' Attorneys**

Defendant's Motion for Leave is nothing more than a thinly veiled effort to back-peddle

away from statements regarding the need for discovery made by counsel for Defendant in

correspondence to Plaintiffs' attorneys and to submit its third round of bare attorney argument

regarding Plaintiffs' title in the patents-in-suit.  In the first instance, laying aside the self-serving

nature, Defendant's excuse that upon "even further analysis" it determined that "discovery was

not in fact needed" is a tacit admission that its Motion to Dismiss was initially filed and

maintained without any factual basis for the claims made therein.

In the second instance, Plaintiffs and Declarants have previously addressed each of the

arguments regarding chain-of-title that Defendant seeks to re-assert by its Motion for Leave.

Plaintiffs' have met their burden of establishing title by a preponderance of the evidence as

shown by the documents and declarations filed in support of Plaintiffs' motions papers.

Defendant still does not, and cannot, cite any authority or rule of law to support its claim that the

chain-of-title is not as Plaintiffs and, indeed, each of the parties involved in the transactions

themselves, have previously declared.  Attorneys for Sand Dune have had ample opportunity to

place into the record their unsupported observations regarding the evidence provided by

Plaintiffs and there is no need for further briefing on this matter.

---

[2] Mobility Matters at http://tabletkiosk.blogspot.com is a blog authored by Gail Levy, Director of Marketing for TabletKiosk.  TabletKiosk is the trade name for Sand Dune Ventures, Inc.

## II.    Conclusion

Based upon the foregoing, Plaintiffs' request that the Court deny Sand Dune's Motion for Leave to File a Response to Plaintiffs' Sur-Reply in Support of Plaintiffs' Opposition to Sand Dunes' Motion to Dismiss.  Further, for the reasons fully briefed in the parties' previously filed motion papers, Plaintiffs' request that the Court deny Sand Dune's Motion to Dismiss in its entirety.

Dated:  July 11, 2008                                   Respectfully submitted,

/s/ Michael J. Truncale
Michael J. Truncale
Texas Bar No. 20258125
Orgain, Bell & Tucker, LLP
470 Orleans
P.O. Box 1751
Beaumont, Texas  77704
Phone:  (409) 838-6415
Fax:  (409) 838-6959
mjt@obt.com

**ATTORNEY FOR PLAINTIFFS**

**TYPHOON TOUCH TECHNOLOGIES, INC. and NOVA MOBILITY SYSTEMS, INC.**

**OF-COUNSEL FOR PLAINTIFFS**
**TYPHOON TOUCH TECHNOLOGIES, INC. and NOVA MOBILITY SYSTEMS, INC.:**

H. Keeto Sabharwal
N.Y. Bar No. 2910453
Sabharwal@blankrome.com

Nirav N. Desai
Virginia Bar No. 72887
Desai@blankrome.com

BLANK ROME LLP
600 New Hampshire Ave., N.W.
Washington, DC 20037
Phone:  (202) 772-5932
Fax:  (202) 772-5858

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 11th day of July, 2008. All other counsel not deemed to have consented to service in such manner will be served via facsimile transmission and/or first class mail.

/s/ Michael J. Truncale
Michael J. Truncale
